JOHN WEATHERHEAD & OTHERS *v.* ELIHU FIELD, ADMR.

*Advancement. Evidence.*

The declarations of an intestate, whether made at the time of making the entries in his book against his children, or afterwards, are inadmissible as evidence of the intention of the intestate in making such entries.

Whether such charges were intended by the intestate as an advancement, must be evidenced by the book, and the intention of the intestate gathered from the book, and parol testimony is inadmissible to control the intention of the intestate.

APPEAL from a decree of the probate court for the district of Marlboro, distributing the personal estate of John Weatherhead.

On the trial, the administrator produced a book, in which were certain entries made by the intestate in his life time, at the back part of said book, which the administrator contended, tended to show that such entries were evidence of advancements to the appellants, and were so intended by the intestate.

The appellants contended not only that the entries in the book were insufficient to show that they were evidence of advancements, but also offered to prove, that the intestate repeatedly declared in his life time, and at the time he made the entries, and up to the hour of his death, that such entries were not made as charges against the appellants, or as advancements to them, but only as memoranda, that he had treated his sons alike. This evidence was excluded by the court. To which decision the appellants excepted.

The court,—COLLAMER, J., presiding,—on inspection of said book, and without other testimony, affirmed the decree.

Exceptions by appellants.

*E. Kirkland* for the appellants.

Two questions are presented by the exceptions.

1. Was evidence of the declarations made by the intestate, at the time of the entries, and up to the hour of his death, admissible to show his intentions in making the same?

2. Are the entries in the book sufficient evidence of an advancement?

I. The intention of the statute was to substantiate a certain

XXVI        43

Weatherhead et al. *v.* Field, Admr.

species of evidence, which without such provision might be doubtful ; and not to enumerate those particular species, to the exclusion of all others. *Brown* v. *Brown*, 16 Vt. 204. *Quarles* v. *Quarles*, 4 Mass. 680.

This was certainly the case under the statute of 1821, and

2. Under the Revised Statutes, we contend, it is an open question in this state.

II. A portion of the entries were made while the statute of 1821, was in force, and must be governed by that. *Whitman* v. *Hapgood et al.*, 10 Mass. 437.

III. The entries themselves are not sufficient evidence of advancement. They are charges on book, therefore debt, and mere debt cannot be charged as an advancement on the share of an heir. *Proctor* v. *Newhall*, 17 Mass. 81. *Osgood* v. *Reed*, 17 Mass. 356. *Barton* v. *Rice*, 22 Pick. 508.

IV. The entries in themselves, are not sufficient evidence. *Ashley, exparte*, 4 Pick. 21. *Bulkley* v. *Noble*, 2 Pick. 337.

*Keyes & Howe* for defendant.

I. The court below did right in excluding testimony to explain the charges upon the book of the deceased.

1. The statute makes the gift imperative ; that it shall be reckoned as advancement, when charged as such. Comp. Stat. 366 § 8 and 9.

2. This course is sustained by the decisions in this state. *Newell* v. *Newell*, 13 Vt. 33. *Brown* v. *Brown*, 16 Vt. 197–204. *Heirs of Adams* v. *Adams*, 22 Vt. 51–64. *Barton* v. *Rice*, 22 Pick. 508.

II. The evidence in the *book* tended to show, that the items were advancement, and proper evidence to be submitted to the jury, and they have found that it was advancement. *Brown* v. *Brown*, 16 Vt. 197.

The opinion of the court was delivered by

ISHAM, J. We are satisfied that the testimony offered by the appellants in relation to the declarations of the intestate, was properly rejected ; whether those declarations were made at the time the entries were placed on the book, or at any time afterwards. The principle of its exclusion is the same, whether the question,

arises under the act of 1821, Slade's Ed. 394 § 76, or the Compiled Statutes 366 § 8, 9. From the case of *Quarles* v. *Quarles*, 4 Mass. 683, it appears that the act of 1821, is nearly a transcript of the act in Massachusetts, passed in 1783. In that case an opinion was expressed by SEDGWICK, J., that in determining the question of an advancement, " the intention of the statute was " to substantiate certain species of evidence, which, without legis- " lative provision, might be doubtful; and not to enumerate those " particular species, to the exclusion of all others." A similar opinion was expressed in the case of *Brown* v. *Brown*, 16 Vt. 203. A different construction, however, was given that statute in the case of *Newell* v. *Newell*, 13 Vt. 33. In that case it was considered that the statute prescribes the evidence of an advancement, and declares what its effect shall be, if an advancement is evidenced by a deed of real estate, given for love and affection, or by charges made by the intestate on his book, in either event, the intention of the party is to be gathered from the face of the deed, in one case, and from the book, in the other; and in both cases parol testimony is equally inadmissible, to control the intention of the intestate. In the case of *Adams* v. *Adams*, 22 Vt. 64, the court remarked, " that the views expressed in the case of *Newell* v. *Newell*, " are, in the main, the general opinion of the profession, in this " and most of the American states." Our present statute is more specific in its provisions on this subject; in the construction of which all are agreed, " that the statute declares what shall be evidence of an advancement, and excludes all other evidence." 16 Vt. 203. The same construction is given to the existing statute in Massachusetts, which is similar to our present statute. *Barton* v. *Rice*, 22 Pick. 508. *Ashley, exparte*, 4 Pick. 24. In the case of *Adams* v. *Adams*, it was also observed " that it is almost " certain that the compiled statutes were not intended to introduce " any new law upon the subject." We think that is the true construction of the statutes, and that this is the only construction calculated to avoid the evils, which led to their passage. It becomes immaterial, therefore, whether the charges in this case were made, while the act of 1821, or the Compiled Statutes were in force; in either case the book of the intestate, and the charges there made, furnish the only evidence competent to determine the question, whether the charges are to be treated as advancements.

Weatherhead et al. *v.* Field, Admr.

This construction is calculated to remove all causes of controversy among the heirs, after the death of the intestate, and will enable the intestate himself, during his life, to know with certainty, the required evidence of his intention on that subject. There was no error, therefore, in excluding the evidence of the declarations of the intestate, and regarding the charges on the book of the intestate, as furnishing the only competent evidence, whether those charges were to be treated as advancements.

A more difficult question arises in this case, whether the book of the intestate itself, furnishes sufficient evidence that these charges were intended as advancements, and to be treated as such in the distribution of the intestate's estate. The true idea of an advancement, is a delivery by the parent during his life, to one or more of his children, the whole or a portion of that, to which the child would be entitled, on a distribution of the estate after the parent's decease. It is distinguishable from a gift, which parents may make to their children, whether to a greater or less amount; for in such case, there is no intention to have it chargeable on the child's share of the estate. It is also to be distinguished from a debt; for in the case of an advancement, the common relation of debtor and creditor does not exist. The property was not delivered or received as borrowed capital. *Osgood* v. *Breed,* 17 Mass. 359-93. 4 Pick. 21. In the case of charges on book, or memoranda made by the intestate, those circumstances must be disproved. The inference must be fairly drawn from the book itself, that an absolute gift or a debt was not intended. If that appears the legal intendment will be, that the property was delivered as an advancement. In the cases of *Brown* v. *Brown,* 16 Vt. 204, and *Bulkley* v. *Noble,* 2 Pick. 340, it was held, "that no particu- "lar form of words is required to show an advancement; an en- "try on the books of the intestate of property delivered to a "child, made in such a manner as to exclude the idea of a debt, "is evidence that it was intended for an advancement."

In the present case, it is quite manifest that an absolute gift was not intended by the intestate. If such had been the intention, those entries would not have been made on book; nor would the word "Dr." have been entered against the charges. The fact that the several heirs are charged with these different sums as "*Dr.*" is a circumstance to show that a debt was intended, and if

the charges had been entered on his book among charges to other persons, where a debt was evidently intended, it would be difficult to resist the inference, that such intention existed in relation to these charges.  But that circumstance is not conclusive. It may have been a matter of form; or which is as probable, the intestate may have charged it as a claim, to be paid or satisfied on the final distribution of his estate among his children.  In either case the word " *Dr.*" may have been entered against the charges, without altering their character as advancements.  Those charges having been made and entered, not where his accounts against other persons were kept, but on separate and different leaves in the latter part of his book, has a more controlling effect in ascertaining the intention of the intestate.  There could have been no object in making the charges in that manner, if an existing debt was intended; or one, the collection of which he intended to inforce.  His four daughters were advanced each in the sum of one hundred dollars, about which there is no doubt.  The first charge against each of his sons, is for the same amount, being for money earnt before they were of age.  With the propriety of those charges we have nothing to do, that consideration is not involved in the case ; the only question is, were those charges made and intended as advancements?  We are impressed with the belief that the intestate intended those charges as an advancement, equal in amount, to that of each of his four daughters.  That inference is also to be drawn from the length of time during which those charges have remained on his book, without in any instance treating them as an existing debt due to him.  In the case of John Weatherhead the charge was made in 1829 ; Orrin Weatherhead, in 1831 : Hiram Weatherhead, in 1838 ; Edwin Weatherhead, in 1846, and Charles G. Weatherhead, in 1850. These entries made at different times during the period of about twenty-five years, rendered it quite evident that he regarded them as subsisting matters, not as debts, nor as absolute gifts, but as matters of value to that amount, which they had received, and which were to be taken into account, whenever his estate should be divided between them.  The other items, being charged in the same account, and as a continuation of the same, must be considered in the same light.  We think, therefore, that the judgment of the county court must be affirmed, and certified to the probate court.