CHARLES F. POWER v. THE ESTATE OF ABRAM L. POWER,. DECEASED.

*Estates of deceased persons—Advancements—Evidence.*

1. The subject of advancements is regulated by statute, and, if there are defects in the law, the Legislature alone can remedy them.

2. An advancement must be evidenced in writing, and parol evi-- dence of the declarations of the decedent prior to and after the execution of a deed, which he certifies in a separate paper to have given to a child as a portion of his patrimony, is. inadmissible, and such conveyance will be treated as an advancement, under How. Stat. §§ 5780, 5781.

Error to Wayne. (Hosmer, J.) Argued April 6, 1892.. Decided May 13, 1892.

Appeal of Charles F. Power from order of distribution of the residue of an estate. Judgment in favor of the· estate affirmed. The facts are stated in the opinion.

*Fraser & Gates*, for appellant.

*James H. Brewster*, for the estate.

GRANT, J. Abram L. Power died leaving three sons. and a daughter. To two of his sons he had made advancements,—one of $2,400, and the other of $3,000..

Before his death he had conveyed to his four children a piece of real estate valued at $10,000. March 29, 1886, he deeded to the appellant a lot in the city of Detroit, worth about $1,600; the consideration expressed in the deed being one dollar. The sole question is whether this conveyance, under our statute, was an advancement. The court below held that it was. The statute reads as follows:

" All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant." How. Stat. § 5780.

" If the value of the estate so advanced shall be expressed in the conveyance or in the charge thereof made by the intestate, or in the acknowledgment of the party receiving it, it shall be considered as of that value, in the division and distribution of the estate; otherwise, it shall be estimated according to its value when given, as nearly as the same can be ascertained." Id. § 5781.

Simultaneously with the execution of the deed, decedent wrote and signed the following paper:

" I hereby certify that I have this day deeded and given to my son, Charles F. Power, a house and lot, No. 61 Butternut street, valued at $2,500, including a mortgage on said property of $300, as a portion of his patrimony."

This paper was written in the presence of his wife and daughter, and no question is raised as to its genuineness.

The subject of advancements is regulated by statute law, and, if there are defects in the law, the Legislature alone can remedy them. *Thompson v. Carmichael*, 3 Sandf. Ch. 120. The statute above quoted prescribes the rule of evidence in these cases. The advancement must be evidenced in writing. Parol evidence of the declarations of the decedent prior to and after the execution of the deed was therefore inadmissible.

*Bigelow v. Poole,* 10 Gray, 105; *Weatherhead v. Field,* 26 Vt. 665; *Adams v. Adams,* 22 Id. 51; *Newell v. Newell,* 13 Id. 24; *Barton v. Rice,* 22 Pick. 508.

The appellant insists that the declaration was incompetent to vary the terms of the deed, and that, where there is a written conveyance, the gift is not an advancement, unless it is either therein so expressed, or is acknowledged as such in writing by the child. This is to ignore the statute, which expressly provides three ways in which one may express a gift or grant as an advancement. In *McClintock's Appeal,* 58 Mich. 152, this Court held that such certificate was not evidence of payment, but that, when the payment was otherwise proven, the certificate was admissible to show the purpose to treat it as an advancement.

The authorities above cited by the appellant do not sustain his position. In *Barton v. Rice* the son had given a note to his father for money received from him, and it was sought to show by parol that the money was given and received as an advancement. In *Newell v. Newell* the deed conveying the land expressed a consideration of $2,000, and the attempt was made to show by parol that it was in fact made for love and affection, so as to bring it within the Vermont statute.

Under this statute the knowledge of the grantee that his father gave him the land as an advancement is not essential. These advancements are not a matter of contract, but are exclusively within the control of the ancestor. The decedent paid the mortgage upon this property, and the circumstances of this case show that the excessive value placed upon it in the certificate does not operate as any hardship upon the appellant.

Jugdment affirmed.

The other Justices concurred.