BROAS v. BROAS.

1. WILLS — CONSTRUCTION — ESTATES  DEVISED — VESTED RE-MAINDER.

A will leaving all testator's property to his widow for life, with power to make such arrangements with the children as to having their shares before her death as she might deem best, and to his four named children, subject to the life interest, to be divided among them after her death share and share alike, creates vested estates in remainder in common upon testator's death in favor of the four children.

2. EXECUTORS AND ADMINISTRATORS — DISTRIBUTION OF ESTATE — INDEBTEDNESS OF HEIR.

The interest of an heir in the real estate of his ancestor is not chargeable with his indebtedness to the estate.

3. STATUTE OF FRAUDS — PAROL AGREEMENT — REAL PROPERTY — VESTED INTEREST.

An oral agreement by an heir indebted to his ancestor not to claim a share of the realty of the estate cannot affect a vested interest in the land.

Error to Ionia; Davis, J.   Submitted May 12, 1908. ( Docket No. 63.)   Decided June 27, 1908.

J. Just Broas, Isabel Mann, and  Catherine Hill appealed from an order of  final distribution of the estate of

Levi Broas, deceased.   There was judgment sustaining the order of the probate court, and appellants bring error. Affirmed.

*John C. Weadock* (*Scully & Davis*, of counsel), for appellants.

*Elmer S. Avery* (*Rollin H. Person*, of counsel), for appellee.

HOOKER, J.  The defendant, Charles Broas, and his brother, J. Just Broas, and sisters, Isabel Mann and Catherine Hill, were made devisees in common by the will of their father, of estates in remainder in fee of the land in dispute and the same were assigned and the land partitioned by the probate court.   On appeal to the circuit court, the decree was affirmed, and the cause is now before us on appeal.

The crucial question in the case is whether a vested interest in remainder passed to the remaindermen upon the death of the testator.   This depends upon the construction to be given to the second and third paragraphs of the will, viz. :

"*Second.* I give, devise and bequeath to my good wife, Ruth Ann Broas, all my real and personal property of every kind and nature to have and to hold during her natural life and no longer.   It being my wish and will that she have exclusive control and use of the property while she lives, that she shall be at full liberty and have my consent to make any arrangements she may deem best with our children or either of them regarding their or either of their shares or share of the property so as to let any or all of the children have their part of the property before her death, but any division of the property before her death is to be entirely at her option.

"*Third.* I give and devise to my children Catherine Hill, Charles Broas, Isabel Mann and J. Just Broas, all my real and personal property subject to the life interest therein herein given to their mother to be divided among them after her death share and share alike."

The provisions quoted should be construed as creating

vested estates in remainder in common upon testator's death, in the four children of Levi Broas. *Hoxie* v. *Hoxie*, 7 Paige (N. Y.), 187; *Converse* v. *Kellogg*, 7 Barb. (N. Y.) 590; *Tayloe* v. *Mosher*, 29 Md. 443; *Tatem* v. *Tatem*, 1 Miles (Pa.), 309; *Lowe* v. *Barnett*, 38 Miss. 329; *Taveau* v. *Ball*, 1 McCord, Eq. (S. C.) 7.

There being a vested interest in Charles Broas, the case falls within the rule of *Marvin* v. *Bowlby*, 142 Mich. 245 (4 L. R. A. [N. S.] 189), and it was not chargeable with his indebtedness to the estate and the appellants' claim cannot be sustained.

Of the alleged parol agreement of Charles Broas not to claim a share of the realty, it is enough to say that it could not affect a vested interest in land.

It is unnecessary to discuss the questions growing out of Wilson's claims as creditor, as the appellants have no interest in them.

The decree is affirmed, with costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and MOORE, JJ., concurred.