## OLNEY v. BROWN.

1. MORTGAGES — DEED AS SECURITY FOR DEBT — TRUSTS — EVIDENCE.

   A deed absolute upon its face may be shown by parol evidence to have been executed as security for a loan from a third party not named in the conveyance; the grantee receiving the title in trust for the real mortgagee.

2. SAME—TRUSTS—DESCENT AND DISTRIBUTION — REAL PROPERTY.

   Where it appeared that a collateral writing was executed by the parties to the deed, reciting the purpose of its execution and stipulating that if the premises conveyed should be sold to satisfy the debt, any balance remaining in the hands of the grantee should be paid to the grantor, or at his option, or in event of his death, to his widow, no trust in the property resulted in favor of the widow after the repayment of the loan by the heirs of the grantor, without a sale of the premises conveyed.

3. ESTATES OF DECEDENTS —ADVANCEMENTS—EXECUTORS AND ADMINISTRATORS.

   It is not an advancement for a parent to loan money to certain of his children and take their notes in payment.

4. SAME—DESCENT—REAL PROPERTY—ADVANCEMENTS.

   Nor is the right of such children to take an interest in real property of their father impaired by their unpaid indebtedness to the estate, upon the notes.

5. SAME—ADVANCEMENTS—EVIDENCE.

   Oral testimony is inadmissible to prove an advancement not evidenced by writing or a declaration of intent, as required by 3 Comp. Laws, § 9072.

6. SAME.

   It is not permissible to adjust the indebtedness of a part of the children, so evidenced, to the estate, by depriving them of their legal estate in lands of the deceased and giving their interest to other heirs.

Appeal from Kent; McDonald, J. Submitted January 14, 1910. (Docket No. 157.) Decided November 11, 1910.

Bill by Kittie Olney, William J. Bowne and Charles A. Bowne against William T. Brown, Burdette L. Bowne, Beatrice Bowne, and Sarah J. Bowne to enforce a trust. From a decree for complainants, defendants appeal. Affirmed.

*Clement Smith* (*Fred W. Walker* and *William W. Potter*, of counsel), for complainants.

*Kingsley & Wicks* (*Philip T. Colgrove*, of counsel), for defendants.

HOOKER, J. Andrew J. Bowne was a wealthy banker in Hastings and Grand Rapids. The complainants are the children of himself and his first wife, who was divorced from him at Hastings. Sarah Bowne, a defendant, is his widow, and Burdette and Beatrice Bowne are their children. The connection of defendant Brown with the case will appear as the facts are stated. He was an early friend at Hastings. In 1893 Bowne, being then in financial distress, appealed to A. G. Spalding & Bros. of Chicago, a concern that Bowne had aided in the early days of their business by heavy loans, for assistance, and they loaned him $20,000. The matter was arranged by Brown, who was a member of that firm. Bowne proposed to give them security, which Brown declined to take at first, but Bowne insisted, and Bowne and wife gave him (Brown) a deed of a homestead, the title to which stood in Mrs. Bowne, and a parcel of platted land in Grand Rapids, owned by Bowne. The testimony shows that Bowne's design was to give this land to Brown in trust as security for the loan and as a protection to his wife and her two young children, who were minors. It was arranged that Brown should put the terms of the agreement in writing to be signed by him and sent to Mrs. Bowne, and this was done as soon as Brown received the deed by mail. This came to the hands of Mrs. Bowne, and was seen and approved by Bowne, and it was kept by his wife. It was

afterwards lost, but a substantial, if not exact, copy appears in the record, which is as follows:

"CHICAGO, June 23, 1893.

" Within deeds received this date, deeded to me in trust for A. G. Spalding & Bros., who have advanced $10,000 and agree to advance more to Mr. Bowne.

" Should it ever become necessary for A. G. Spalding & Bros. to use this security it is agreed by me that the balance that could be received above the amount loaned by A. G. Spalding & Bros. should be paid to Mr. Bowne, or in case his option or his death, to Mrs. Sarah J. Bowne for her use and that of her children, Burdette L. Bowne and Beatrice Bowne.

" These deeds are not to be recorded, excepting as a last resort, and then only for the protection of the parties at interest, viz.:  A. G. Spalding & Bros., and Mrs. Sarah J. Bowne and her two children as above stated.

" Chicago, June 23, A. D. 1893.

              [Signed]        " WILLIAM T. BROWN.

" Signature witnessed by

                        " FRED H. ANDRUS."

Previous to Bowne's embarrassment, he had furnished considerable money to his three children, the complainants, for much if not all of which he took their respective notes.  It is unnecessary to state the amounts so furnished; it being sufficient to say that they were large enough to exceed their respective claims in this suit.  Bowne died in 1896, and his estate was settled, and the administrators were discharged.  His debts were paid, including the debt to A. G. Spalding & Bros., but there was little, if any, residue, after payment of the allowances to the widow and the expenses of administration.  Our understanding is that nothing was received by the children, nor was any effort made to collect the notes given by the several complainants, none of which were barred at the time probate proceedings were commenced.  It is our understanding that they were uncollectible and were inventoried at a nominal sum.  The final account was allowed and estate closed on May 19, 1905.  No request was made by the complainants or any representative of theirs that

the administrators should list the lands deeded to Brown, but a request was made by their counsel to Brown that he turn over the lands to the estate. Soon after Bowne's death, and on the 15th day of September, 1896, Brown executed an instrument reciting the loan to Bowne by A. G. Spalding & Bros., the execution of the deed, the notes given for the loan and their renewals, and concluding as follows:

"Now, therefore, know all men by these presents that I, the said William T. Brown, formerly of Chicago, Illinois, now of Chicopee Falls, Massachusetts, do hereby declare that the two deeds above mentioned were executed and delivered to me for the following purposes: 1st. To secure the payment to said A. G. Spalding & Bros. of said loan of money and the interest thereon and of said notes and the renewals thereof, together with the interest thereon, given by said Andrew J. Bowne, to evidence said indebtedness as aforesaid, and also to secure the payment of all taxes which might be paid on said lands by said A. G. Spalding & Bros., and all other expenses and charges which they might be put to or sustain for or concerning said lands. 2nd. It was understood and agreed and said Andrew J. Bowne directed and charged me to pay and convey to said Sarah J. Bowne the lands above described, or the proceeds thereof or whatever might remain thereof after paying in full the lien and claim which said A. G. Spalding & Bros. had or might have on said lands as aforesaid. 3rd. I hold said lands under said conveyances in trust for the purposes aforesaid, and, whenever the lien and claim of A. G. Spalding & Bros. shall have been fully paid and satisfied, I am willing to convey said lands or the proceeds thereof in my hands to whomsoever shall be legally entitled thereto.

"In witness whereof, I have hereunto set my hand and seal this 15th day of September, A. D. 1896.

"WILLIAM T. BROWN.  [L. S.]

"Signed, sealed and delivered in the presence of
"HOWARD L. HOLT.
"F. D. HOWARD."

This was acknowledged and recorded on the 3d day of February, 1907. We are unable to see that the rights of the parties were in any way affected by this act of Brown.

The bill was filed to compel Brown to deed the premises to the five children, subject to the dower interest of the widow. Upon the hearing the bill was dismissed as to Charles A. Bowne, who has not appealed. The defendants have appealed from a decree in favor of the other complainants.

The deed from A. J. Bowne to Brown was in form an absolute one. It was competent for Bowne or his heirs to show that it was not such in fact by showing that it was security for a debt. This appears from the parol testimony which was competent to prove it. It also appears by the instrument executed at the time of the delivery of the deed, stating that Brown received it in trust for A. G. Spalding & Bros., with authority to sell if necessary, to pay the debt, and hold the balance in trust to be paid to Bowne or to the widow on the happening of either of two events: (1) The exercise of his (Bowne's) option; (2) his death.

The only theory upon which it can be said that this deed created more than a mortgage interest is that, the deed and declaration of trust being contemporaneous, the title was wholly divested from Bowne, and through the declaration of trust a vested interest in the land lodged in Mrs. Bowne under the statute. [3 Comp. Laws, § 8831.] Some interesting questions suggest themselves in this connection, but they need not be discussed, for the reason that these instruments cannot be construed to create such interest in the widow. The deed on its face purported to convey an absolute title. It is clear that its primary object was to secure the existing and prospective claims of Spalding & Bros., and as to them was at most a mortgage, possibly in trust, being in the name of Brown. It is plain that a sale by Brown was contemplated, but only in case it was necessary. If not necessary, there was no agreement by him to deed the premises to the widow. Presumably on payment of the debt to Spalding & Bros., Bowne would, under the law, have been entitled to a re-

163 MICH.—9.

conveyance. The debt was paid by his heirs, and they, standing in Bowne's shoes, would be entitled to the same. If it could be said that the deed and declaration were effective to create a trust in favor of Mrs. Bowne and her children, which we do not decide, it was conditioned upon the necessity of a sale of these premises, and was to pay money if any remained. It was not to sell if unnecessary nor to convey the land to her if it was unnecessary to sell it to pay the claim of Spalding. The alleged trust related to a contingent fund to arise from a mortgage sale, if one should be necessary. There has been no fund, and there can be none, as the estate was used to pay the secured debt, which was thus extinguished.

It is claimed that these complainants have received more than their share of the estate by advancements, and it was so held as to one of them, and the bill was dismissed as to him. This is a question that Brown is not interested in, but is one that the heirs have seen fit to litigate in this forum, and the decree, not having been appealed from, is final as to Charles Bowne. The other four children were held to be entitled to a conveyance from Brown of the premises in dispute, which we understand should not and does not include the homestead, which was properly reconveyed to the widow.

We have examined the question of advancement with reference to the other two older children. We fail to find any evidence of an intent on the part of Bowne to distribute a portion of his estate (see *In re Simon's Estate*, 158 Mich. 260 [122 N. W. 544]) to these children. He simply lent them some money, taking and keeping alive the notes given therefor to the time of his death. See *Sprague* v. *Moore*, 130 Mich. 99 (89 N. W. 712). These notes were inventoried as part of the estate, and are still outstanding unless barred by the statute or probate proceedings. The right of these parties to take interests in land by descent is not affected by their indebtedness to the estate. *Marvin* v. *Bowlby*, 142 Mich. 245 (105 N. W. 751, 4 L. R. A. [N. S.] 189, 113 Am. St. Rep. 574);

*Broas* v. *Broas*, 153 Mich. 310 (116 N. W. 1077).
Counsel for defendants contend that the intent that these
loans should be treated as advancements should be in-
ferred from the circumstances and subsequent declarations
of Mr. Bowne. Our statute is an answer to that claim.
See 3 Comp. Laws, § 9072. Counsel concede that this
statute is rigid in prescribing the rule of evidence. See
*Power* v. *Power's Estate*, 91 Mich. 587 (52 N. W. 60).
Similar statutes have been so construed elsewhere. Thus
in *Barton* v. *Rice*, 22 Pick. (Mass.) 508, it was held that
under the statute of Massachusetts (of which our statute
is a literal copy) oral testimony was inadmissible. Re-
ferring to the statute, the court said:

" Oral testimony is clearly inadmissible to prove an ad-
vancement, which must be proved in the manner pre-
scribed in Rev. Stat. chap. 61, par. 9. That provides:

" ' That all gifts and grants shall be deemed to have been made
in advancement if they are expressed in the gift or grant to be so
made, or if charged in writing by the intestate as an advancement,
or acknowledged in writing as such by the child or other descend-
ant.'

"The statute does not expressly declare that an ad-
vancement shall not be proved in any other manner, but
that undoubtedly is the meaning of the statute."

See, also, the following cases in point cited by com-
plainant's counsel: *Filman* v. *Filman*, 15 Grant's Ch.
643; *Shepherd* v. *White*, 10 Tex. 72; Mass. Gen. Stat. chap.
91, § 8; *Hartwell* v. *Rice*, 1 Gray (Mass.), 587; *Bige-
low* v. *Poole*, 10 Gray (Mass.), 104; *Ashley, Appellant*,
4 Pick. (Mass.) 24; *Osgood* v. *Breed*, 17 Mass. 358; *Bul-
lard* v. *Bullard*, 5 Pick. (Mass.) 527; *Bulkeley* v. *Noble*,
2 Pick. (Mass.) 340; *Porter* v. *Porter*, 51 Me. 376;
*Weatherhead* v. *Field*, 26 Vt. 665; *Adams* v. *Adams*,
22 Vt. 51; *Newell* v. *Newell*, 13 Vt. 24. We must hold
that these loans were not advancements.

The argument that the evidence shows that the parties
(decedent and complainants) understood and intended
that the loans should be equalized in the division is but an-

other way of asking us to treat the loans as advancements. Had the notes been put in judgments and levied on the shares in the land of the judgment debtors, their respective interests might have been reached, but the inequity in the present situation (and it seems to us that there may be one) cannot be adjusted by depriving complainants of their legal estates in land and giving them to others.

We are constrained to affirm the decree of the learned circuit judge, with costs, against all defendants except Brown.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.