### In re VON RUDEN.

District Court, D. Minnesota, Third Division. November 25, 1927.

No. 3672.

**1. Bankruptcy ⬲257—Trustee may sell bankrupt's interest as heir in land, subject to rights of administrator.**

Where bankrupt is one of the heirs of an intestate, who left land, his trustee may sell his interest, subject to the right of the administrator therein for administration purposes.

**2. Courts ⬲200¼—Probate courts cannot render judgment against creditors of estate or impress equitable lien on land.**

Probate court cannot render judgment against those who owe an estate, or impress equitable liens on real estate.

**3. Bankruptcy ⟨⟩211—Administrator may enforce claim against bankrupt heir only in bankruptcy court.**

An administrator, holding a claim against a bankrupt heir, may enforce it only in the court of bankruptcy.

**4. Executors and administrators ⟨⟩294—Indebtedness of bankrupt to estate cannot be set off against interest as heir in real estate.**

Indebtedness of bankrupt to estate of intestate father cannot be set off against his interest as heir in real estate.

In Bankruptcy. In the matter of Anthony A. Von Ruden, bankrupt. On review of order of referee directing sale of bankrupt's interest as heir in real estate. Confirmed.

B. F. Fowler, of Faribault, Minn., for petitioner.

John E. Coughlin, of Faribault, Minn., pro se.

JOHN B. SANBORN, District Judge. The bankrupt, who was adjudicated August 7, 1927, is a son and heir at law of Henry Von Ruden, who died intestate at Faribault, Minn., April 7, 1925, and owned at the time of his death a farm in Rice county, Minnesota, not his homestead. Thomas J. Kingsley was appointed administrator of the estate July 1, 1925. He is in possession of the real estate of the decedent as such administrator. It appears that the bankrupt's distributive share of the farm is an undivided one-eighth. It also appears that the bankrupt owes the estate $1,200 because of a note his father signed for his accommodation, which has not been paid, but which the estate has paid, or must pay.

The trustee in bankruptcy petitioned the referee for an order authorizing the sale of the bankrupt's distributive share of the real estate referred to, free of liens. Such an order was made over the objection of the administrator, who now petitions for its review.

Two questions are presented: (1) Had the referee jurisdiction to make the order? (2) Did the bankrupt's indebtedness to the estate constitute an equitable lien on the distributive share of the real estate, or could it be set off against it?

[1] The court of bankruptcy is not attempting to administer the estate of Henry Von Ruden, nor is it attempting to interfere with the possession of the administrator for the purposes of administration. The trustee only has such right and title to the real estate as the bankrupt acquired by operation of law upon the death of Henry Von Ruden, which was title to an undivided one-eighth interest, subject to the right of the administrator to retain possession for the purposes of administration only. Dunnell's Minn. Digest, vol. 1, §§ 2722, 3567.

[2] That is all that the trustee can convey, and a purchaser from him can have no more, and cannot interfere with the possessory right of the administrator as an officer of the probate court. Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867. The probate court is a court of limited jurisdiction. It cannot render judgment against those who owe the estate, nor can it impress equitable liens upon real estate. State v. Probate Court, 33 Minn. 94, 22 N. W. 10; State v. Probate Court, 103 Minn. 325, 115 N. W. 173; Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871.

[3] As to the claim against the bankrupt, the administrator is in the position of a creditor claiming or having a lien upon the bankrupt's property. He must enforce it in the court of bankruptcy, if at all. His possession of the real estate would not authorize him to withhold it, after final decree, for the purpose of coercing payment of the bankrupt's debt to the estate. Until final decree, his right to possession remains undisturbed. Schmidt v. Stark, 61 Minn. 91, 63 N. W. 255.

There is no conflict of jurisdiction between the two courts. See In re Eash (D. C.) 157 F. 996; In re Pierce (D. C.) 102 F. 977; In re Wells (D. C.) 298 F. 109; In re L. Stein & Co. (C. C. A.) 127 F. 547.

[4] The second question could, perhaps, have been more appropriately raised before the referee in connection with the disposition of the proceeds of the sale. However, the position taken by the referee appears to be supported by the greater weight of authority. On the death of Henry Von Ruden, title to his real estate passed to his heirs, free of any claims of his or his estate against them. He had it within his power to charge their interests with debts by will, but he did not do so. It is a fair assumption that he intended them to take the interest the law gave them in his real estate without incumbrance. The authorities are not entirely in harmony, but this seems to be the better rule. Marvin, Adm'r, v. Bowlby, 142 Mich. 245, 105 N. W. 751, 4 L. R. A. (N. S.) 189, and note, 113 Am. St. Rep. 574, 7 Ann. Cas. 559; In re Polito's Estate, 51 Cal. App. 752, 197 P. 976; Neel v. Campton, 201 Ky. 1, 255 S. W. 840, 30 A. L. R. 765; Boden v. Mier, 71 Neb. 191, 98 N. W. 701; Broas v. Broas, 153 Mich. 310, 116 N. W. 1077; Olney v. Brown, 163 Mich. 125, 128 N. W. 241.

The order of the referee is confirmed.