*In re* HALL ESTATE

Docket No. 110173. Submitted June 13, 1989, at Lansing. Decided October 2, 1989.

David Hall petitioned the Ingham County Probate Court to reopen the estate of his mother, Charlotte B. Hall, who died testate. Petitioner alleged that a certificate of deposit originally owned by the decedent but later held by the decedent in trust for petitioner shortly before her death was improperly included in the decedent's estate, which pursuant to the decedent's will had been divided equally among petitioner and the decedent's two other sons. Richard J. Hall, personal representative of the estate, responded in opposition to the petition. The court, R. George Economy, J., denied the petition, ruling that the certificate of deposit was properly included in the estate and treated as an advancement. Petitioner appealed.

The Court of Appeals *held:*

Under MCL 700.139; MSA 27.5139 property which a testator gave in his lifetime to a devisee shall be treated as a satisfaction of the devise in whole or in part only where the will provides for deduction of the lifetime gift. Here, the decedent's will contained no provision for treatment of the certificate of deposit as an advancement or in satisfaction of the devise to petitioner.

Reversed.

WILLS — ADVANCEMENTS — SATISFACTION OF DEVISES.

Property which a testator gave in his lifetime to a devisee shall be treated as a satisfaction of the devise in whole or in part only where the will provides for deduction of the lifetime gift (MCL 700.139; MSA 27.5139).

*Stephen J. St. Amant, P.C.* (by *Stephen J. St. Amant*), for petitioner.

REFERENCES

Am Jur 2d, Advancements §§ 5, 8, 22, 51, 55 *et seq.;* Wills §§ 1719 *et seq.*

See the Index to Annotations under Ademption; Advancements or Prepayment.

*Thomas C. Walsh,* for respondent.

Before: BEASLEY, P.J., and McDONALD and MURPHY, JJ.

BEASLEY, P.J. Petitioner David Hall appeals from a probate court order denying his request to reopen his mother's estate. Specifically, petitioner claims that a certain certificate of deposit was improperly included in the estate's accounting.

In 1978, petitioner's mother prepared a last will and testament which provided, in pertinent part, as follows:

> All property which I shall own at the time of my death or over which I may then have any power of appointment, I bequeath, devise ·and appoint in equal shares to my three children: David Hall, Donald James Hall and Richard John Hall.

In 1985, the testatrix was diagnosed as suffering from terminal cancer. Apparently, the testatrix came to believe that inheritance taxes could be avoided if her assets were owned jointly with her sons. She prepared a handwritten work sheet on which she listed each of her major assets, including several certificates of deposit issued by Orange Federal Savings and Loan and two savings accounts with the Home Savings and Loan Association. Notations on the work sheet seem to indicate that certain assets had been earmarked for certain sons: a $34,000 CD for David; three CDS totalling $36,536[1] for Donald; and $21,600[2] in the two savings accounts for Richard. The testatrix then apparently wrote to the financial institutions to obtain new signature cards. Orange Federal re-

---

[1] Actual value—$38,578.89.
[2] Actual value—$25,175.47.

sponded quickly. The testatrix filled out the cards so that the CDs were held in her name as trustee for David (as to the $34,000 CD) and for Donald (as to the remaining CDs). She returned the cards to Orange Federal, but she died before receiving the signature cards from Home Savings and Loan.

Richard, as personal representative, prepared an accounting of his mother's estate. The net worth of the estate was in excess of $130,000. In his listing of assets, Richard included the Orange Federal CDs. Pursuant to the terms of the will, each son received a one-third share of the estate. David's and Donald's shares included the CDs. The estate was closed.

David then petitioned the probate court to re-open the estate. He argued that his Orange Federal CD was improperly included among the estate's assets, since it was an inter vivos gift and that it could not be treated as an "advancement" or in satisfaction of the devise under MCL 700.139; MSA 27.5139. The probate court ruled that the CD was properly included in the estate and treated as an advancement. Petitioner David Hall appeals.

The dispute centers upon the meaning of MCL 700.139; MSA 27.5139:

> Property which a testator gave in his lifetime to a devisee shall be treated as a satisfaction of the devise in whole or in part, *if the will provides for deduction of the lifetime gift.* [Emphasis added.][3]

Petitioner argues that, since the testator's will contained no provision for satisfaction through inter vivos gifts, the CD cannot be treated as in satisfaction of the devise. Respondent, on the other

---

[3] 1978 PA 642, the Revised Probate Code, of which this section is part, was effective July 1, 1979, but applies to wills executed prior to that date absent a clear indication to the contrary. MCL 700.992(d); MSA 27.5992(d).

hand, argues that the statute was not intended to provide the *exclusive* manner for proving a valid satisfaction, i.e., that a satisfaction may be shown even absent an express will provision to that effect. We feel constrained to side with petitioner, though cognizant that it may be argued that the result appears contrary to the testator's seeming plans for equal distribution of her estate among her sons.

Guidance in this matter may be found in the 1910 case of *Olney v Brown.*[4] There, it was argued that certain loans made by the intestate decedent during his lifetime to his children should be treated as advancements. The then-applicable statute provided:

> All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant.[5]

The *Olney* Court rejected the argument that the loans could be treated as advancements absent compliance with the statute's requirements:

> Counsel for defendants contend that the intent that these loans should be treated as advancements should be inferred from the circumstances and subsequent declarations of [the decedent]. Our statute is an answer to that claim. See 3 Comp Laws, § 9072. Counsel concede that this statute is rigid in prescribing the rule of evidence. See *Power v Power's Estate,* 91 Mich 587 (52 NW 60) [1982]. Similar statutes have been so construed

---

[4] 163 Mich 125; 128 NW 241 (1910).

[5] 3 Comp Laws 1897, § 9072. Prior to 1978, no statute dealt with advancements in the specific context of testate estates.

elsewhere. Thus in *Barton v Rice,* 22 Pick (Mass) 508 [1839], it was held that under the statute of Massachusetts (of which our statute is a literal copy) oral testimony was inadmissible. Referring to the statute, the court said:

"Oral testimony is clearly inadmissible to prove an advancement, which must be proved in the manner prescribed in Rev Stat chap 61, par 9. That provides:

" 'That all gifts and grants shall be deemed to have been made in advancement if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant.'

*"The statute does not expressly declare that an advancement shall not be proved in any other manner, but that undoubtedly is the meaning of the statute."* . . . We must hold that these loans were not advancements. [Citations omitted; emphasis added.][6]

By the same token, while MCL 700.139; MSA 27.5139 does not expressly declare that a satisfaction shall not be proved in any other manner, that clearly appears to be its meaning. Under the statute, a satisfaction may be found only where the testator's will contains a provision to that effect. The matter is controlled by statute and, while the statute may in some cases, such as here, dictate seemingly unjust results, the Legislature alone may remedy that problem.[7]

The testator's will included no provision relating to satisfaction of devises. Therefore, pursuant to MCL 700.139; MSA 27.5139, the CD may not be treated as in satisfaction of petitioner's share of his mother's estate.

Reversed.

---

[6] *Olney, supra* at 131.

[7] See *Power, supra* at 588.