# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 23, 2008

136532

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____

In re Estate of CATHERINE B. STANOWSKI.

_____

JOHN W. STANOWSKI, Personal Representative
of the Estate of CATHERINE B. STANOWSKI,
            Petitioner-Appellant,

v

ALVIN STANOWSKI, LILLIAN MAMO and
PATRICIA PATTERSON, Special Fiduciary,
            Respondents-Appellees.
_____/

SC: 136532
COA: 273718
Wayne Probate Court:
1991-866724-DE

        On order of the Court, the application for leave to appeal the February 21, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        MARKMAN, J. (*concurring*).

        Although I agree that a denial of leave to appeal is appropriate, the existence of what appears to be a written acknowledgment by Lillian Mamo that the value of the Judd Road property would be deducted from her share of the estate compels me to address the trial court's application of MCL 700.2608.

        The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, went into effect on April 1, 2000. MCL 700.8101(1). EPIC applies not only to all governing instruments executed by decedents who die after that date, but also to all proceedings currently pending in court or commenced after that date. MCL 700.8101(2)(a) and (b). Because this action was pending on April 1, 2000, EPIC was applicable and it was not error for the trial court to apply MCL 700.2608

Under MCL 700.2608(1)(c):

> Property a testator gave in his or her lifetime to a person is treated as a satisfaction of a devise in whole or in part only if any of the following are true:
>
> * * *
>
> (c) the devisee acknowledges in writing that the gift is in satisfaction of the devise or that its value is to be deducted from the value of the devise.

Thus, in light of the written acknowledgment, it would appear that the trial court erred by concluding that the value of the Judd Road property was not to be deducted from Lillian's devise. However, this is not petitioner's argument. Instead, he argues that EPIC is not applicable. Indeed, if we were to agree with petitioner, this Court could grant him no relief. Before EPIC, MCL 700.139 governed this issue and it provided:

> Property which a testator gave in his lifetime to a devisee shall be treated as a satisfaction of the devise in whole or in part, *if the will provides for deduction of the lifetime gift.* [Emphasis added.]

The will in this case had no such provision, and an advancement could not be proven in any way other than "where the testator's will contains a provision to that effect." *In re Hall Estate*, 180 Mich App 389, 393 (1989). Under this precedent, Lillian's written acknowledgment is of no moment and the result would remain the same. Moreover, even though EPIC is applicable, the trial court was permitted to apply the prior law "in the interest of justice." MCL 700.8101(2)(b). Where a determination that the Judd Road property was an advancement would not only completely disinherit Lillian, but result in her having to make a significant repayment to her mother's estate, I do not believe that the trial court abused its discretion by concluding that such an application was clearly "in the interests of justice." Therefore, I believe that the trial court's misapplication of MCL 700.2608 was harmless and accordingly concur in the decision to deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 23, 2008

_Corbin R. Davis_
Clerk

s1217