## In re GARFIELD.
### No. 57876.

District Court, D. Massachusetts.
Feb. 2, 1937.

Edwin K. McPeck, of Adams, Mass., for Massachusetts Bonding Co.

Thomas F. Conneally, of Great Barrington, Mass., for trustee.

BREWSTER, District Judge.

This matter comes to the court upon the referee's certificate for review of an order entered upon a petition by the Massachusetts Bonding & Insurance Company, which seeks to be subrogated to the rights of the bankrupt in the estate of one Albert J. Hasson. The following facts appear:

Garfield was adjudicated a bankrupt on July 25, 1935. His assets included a future

vested interest in the estate of Hasson, who died in 1925, leaving a will in which he gave to his wife a life interest with a portion of the remainder to the bankrupt.

Orlando C. Bidwell was duly appointed administrator with the will annexed of the estate of said Hasson and gave bond with the Massachusetts Bonding & Insurance Company, as surety, in the penal sum of $25,000. On April 11, 1934, Bidwell, as administrator, loaned to the bankrupt $2,500 of the money belonging to Hasson's estate, taking therefor bankrupt's note payable in one year to the order of the "Estate of Albert J. Hasson," which note was secured by mortgage on the bankrupt's personal property. The mortgage did not include his interest in the Hasson estate. On October 8, 1935, the mortgage was foreclosed, and the net proceeds of the foreclosure sale amounted to only $167.30, leaving an unsecured balance of $2,526.03.

Shortly after the foreclosure sale, Bidwell died, and when his executors presented Bidwell's final account as administrator of the Hasson estate, the probate court disallowed the item of $2,500 loaned to the bankrupt and surcharged the account with the amount plus interest, or $2,630.03. This amount the Insurance Company paid to the representatives of the Hasson estate.

It is agreed that the petitioner is entitled to be subrogated to the rights which Bidwell, as administrator with the will annexed, would have had were he living.

The controversy arises over the question whether such subrogation entitles the Insurance Company to reach and apply by way of set-off the bankrupt's interest in the estate of Hasson.

The referee has found that the petitioner is entitled to prove only as an unsecured creditor a claim of $2,526.03, being the unpaid balance of the principal of the note after crediting the proceeds of the foreclosure sale.

At the outset it may be assumed that had Bidwell lived and paid the estate of Hasson the amount improperly loaned to bankrupt, Bidwell would have been subrogated to the rights of the estate against the bankrupt, in the absence of any finding of bad faith on the part of Bidwell. See Stetson v. Moulton, 140 Mass. 597, 5 N.E. 809;

In re Poulson's Estate, 155 Misc. 625, 280 N.Y.S. 350.

Here the pivotal question is whether the estate, as a creditor of the bankrupt, could have invoked the set-off provisions of the Bankruptcy Act (11 U.S.C.A. § 108) which provides "(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

It has been held that this section was not intended to enlarge the doctrine of set-off nor to enable a party to make a set-off in cases where the principle of legal or equitable set-off did not previously authorize it. Cumberland Glass Mfg. Co. v. DeWitt, 237 U.S. 447, 454, 35 S.Ct. 636, 639, 59 L.Ed. 1042. See, to same effect under earlier Bankruptcy laws, Sawyer v. Hoag, 17 Wall. 610, 21 L.Ed. 731.

In the Cumberland Glass Mfg. Company Case, the court points out the distinction between cross-claims and a set-off and observes that, "Mutual debts do not, indeed, properly constitute cross claims by the civil law; for they extinguish each other ipso jure, and the party alone in whose favor the balance is has a claim which can be enforced by action, and his claim is only to the extent of such balance. Therefore a defendant who, at common law, would have recourse to a statutory set-off would not, by the civil law, bring a cross action, but he would plead payment (compensatio)."

It clearly appears that if the estate had brought suit upon the note of the bankrupt he could not have pleaded by way of payment the fact that at some future time he was to come into possession of a portion of the estate. Bankrupt's rights in the estate cannot be treated as a debt within the purview of the act. Ivanhoe Building & Loan Asso. v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419; McDaniel National Bank v. Bridwell (C.C.A.) 74 F.(2d) 331; Boatmen's Bank v. Laws (C.C.A.) 257 F. 299; Dehon v. Stetson, 9 Metc.(Mass.) 341.

Therefore there is no room in this case for the application of the doctrine of set-off between mutual debts and credits.

It follows that the order of the referee was correct and it is affirmed.