**In the Matter of Royal Bruce FREAS, Bankrupt.**

**No. IP 56–B–86.**

United States District Court
S. D. Indiana,
Indianapolis Division.
Aug. 17, 1959.

Donald L. Brunner, of Brunner, Brown & Brunner, Shelbyville, Ind., for George R. Tolen, Jr., trustee in bankruptcy of the estate of Royal Bruce Freas.

Sigmund J. Beck and Gene E. Wilkens, of Bamberger & Feibleman, Indianapolis, Ind., for Arthur J. Hixson, executor of the estate of Mary K. Freas, deceased.

HOLDER, District Judge.

The Referee in Bankruptcy on March 10, 1959 entered an order denying the amended petition to rescind the Referee's stay order and for other relief of Arthur W. Hixson, Executor and Trustee of and under a last will and testament, (hereinafter referred to as Executor) and granting the affirmative relief requested in the counterclaim of the Trustee in Bankruptcy.

The aggrieved Executor duly filed his petition for review of the order with the Referee pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c accompanied by a brief and the Referee duly filed his Certificate of Review. The Trustee in Bankruptcy filed no brief in opposition.

The chronological history of the stipulated facts and the record of the pertinent proceedings in the above entitled bankruptcy matter are detailed in the paragraphs to follow.

The facts commence on October 20, 1952 when Mary K. Freas, the mother of the bankrupt herein, died when domiciled in Leonia, Bergen County, State of New Jersey. Shortly thereafter Arthur W. Hixson was appointed Executor of the estate of the decedent pursuant to a will of the decedent which divided the assets of her estate equally among four beneficiaries, one of whom is the bankrupt. The estate has been pending continuously since in the County Court of Bergen County, Probate Division, of the State of New Jersey. (Hereinafter referred to as Probate Court.)

The Executor soon after qualifying and before the bankruptcy was initiated instituted an action against Royal B. Freas, the bankrupt, and an heir of the decedent's estate and Marian A. Freas in the Supreme Court, County of Rensselaer, State of New York. The defendants are husband and wife.

Prior to judgment in the New York action, the Executor filed his complaint on April 20, 1954 with the Probate Court for a partial distribution to the heirs. The Probate Court on May 24, 1954 entered an order the pertinent parts of which are quoted as follows:

" * * * And it appearing to the satisfaction of the court that there is an action pending in the Supreme Court, County of Rensselaer, State of New York in which said action the plaintiff herein is plaintiff and Royal Bruce Feas (sic), one of the parties in interest herein, is a party defendant, and in which said action the said plaintiff alleges that the said Royal Bruce Freas is indebted to the estate in a sum in excess of the en-

tire share or right of the said Royal Bruce Freas;

* * * * * *

And it is further Ordered, Adjudged and Decreed * * *, that the said accountant pay the first of the said four annual installments as set forth and required by the terms of decedent's will as follows:—

"(a) To the Clerk of this Court, one-fourth of said first annual payment, to be held by said Clerk, pending the final adjudication or other conclusive disposition of the aforesaid action pending in the State of New York, and until further order of this court; * * * ."

The Executor's brief in this Review says the foregoing order of distribution showed the bankrupt's share to be $1,041.34 and was not actually distributed.

Then on February 7, and 14, 1955 further proceedings in the New York action disclose that the Executor and the two Freas defendants stipulated of record that a judgment against defendants be entered for principal, interest and costs; that in the event defendants, jointly or severally, pay the Executor the sum of $1,500 on or before August 1, 1955 and Royal Bruce Freas release the decedent's estate from any and all claims, causes of action, legacies, bequests or rights, then the Executor will discharge and satisfy the judgment and vacate, set aside and annul a lis pendens on file in the two New York Counties of Rensselaer and Columbia; all of which was subject to the approval of the Probate Court and if it does not so approve then the stipulation was to be set aside and became null and void.

On March 15, 1955, a judgment was rendered on the stipulation of February 7, and 14, 1955 in the New York Court against the bankrupt and his wife in the principal sum of $11,150, interest of $4,-404.25, and costs of $127.50, making a total of $15,681.75 with execution authorized in favor of the Executor.

Following the judgment in the New York action on August 25, 1955, the Probate Court entered an order based on the Executor's complaint of June 30, 1955 for a second partial distribution to the heirs. The pertinent parts of the order are quoted as follows:

" * * * And it appearing to the satisfaction of the court that the action at law in the State of New York, set forth in the order of this court dated May 24, 1954 is still pending;

* * * * * *

"Therefore, it is Ordered, Adjudged and Decreed that distribution of the second of the four annual installments as set forth and required by the terms of decedent's will be made as follows:—

"(a) To the Clerk of this Court, one-fourth of said second annual payment, to be held by said Clerk, pending the final adjudication or other conclusive disposition of the aforementioned action pending in the State of New York, and until the further order of this Court; * * * ."

The Executor's brief in this Review says the foregoing order of distribution showed the bankrupt's share to be $1,073.55 was not paid out to the bankrupt.

Then on May 25, 1956, Royal B. Freas filed his voluntary petition in bankruptcy in the United States District Court for the Southern District of Indiana who was adjudicated a bankrupt on the same day and was discharged on September 17, 1957.

After the initiation of the bankruptcy proceedings the Executor on June 26, 1956 filed his complaint with the Probate Court for the third distribution to the heirs. Before the complaint for distribution was acted upon by the Surrogate and then the Judge of the Probate Court the Referee in Bankruptcy on July 24, 1956 entered a Temporary General Stay Order enjoining the commencement of any suit or proceeding against Royal Bruce Freas or the continuation of any suit or proceeding then pending against him until further order of the Referee. The Executor was notified of the Bankruptcy Proceeding being initiated and of the Stay Order on July 30, 1956.

The Trustee in Bankruptcy was notified on December 20, 1956 of the pending Ex-

ecutor's complaint for the third distribution which had been filed June 26, 1956 and of the proceedings to be had thereon in the Probate Court.

Before the Probate Court acted upon the Executor's complaint for distribution of June 26, 1956, the Executor filed his first proof of claim on January 7, 1957 based on the New York Court judgment of March 15, 1955 for the sum of $13,-563.81 after deducting the first and second distributions set forth in the Probate Court orders of April 20, 1954 and August 25, 1955. The proof of claim was filed with the Referee in Bankruptcy of this Court in the above entitled matter who accepted it and designated it Claim No. 7. The pertinent parts of the proof of claim are quoted as follows:

"Arthur W. Hixson, of No. 206 Hillcrest Avenue, in the Borough of Leonia, County of Bergen, and State of New Jersey, being duly sworn, deposes and says:—

"1. That he is the Executor and Trustee under the Last Will and Testament of Mary K. Freas, deceased.

"2. That Royal Bruce Freas, the above named bankrupt was at and before the filing by or against said bankrupt of the petition for adjudication of bankruptcy, and still is, justly and truly indebted to claimant in the sum of $13,563.81, with interest from the 15th day of March, 1955.

"3. That said debt is based upon a judgment, a copy of which is attached hereto and made part hereof.

"4. That no part of the aforesaid debt in the sum of $13,563.81 with the interest has been paid.

"5. That the only set-off to said debt is the right, title and interest of the bankrupt or his estate, under the terms of the Last Will and Testament of Mary K. Freas, the aforementioned decedent.

"6. That the only security for said debt was by a writ of execution against real property owned by the bankrupt estate in the County of Rensselaer, State of New York, which said security is worthless or substantially so."

The Executor's first claim has never been allowed or disallowed. The Trustee in Bankruptcy has never filed objections to the Executor's proof of claim nor has he filed a counterclaim for affirmative relief in the claim proceeding.

The Probate Court on January 18, 1957 then acted upon the Executor's complaint of June 26, 1956 and the Surrogate's reference of August 29, 1956 for the third distribution to the heirs. The pertinent parts of the order are quoted as follows:

"* * * And it further appearing to the court that the plaintiff, on behalf of said estate, obtained a judgment in the Supreme Court, County of Rensselaer, State of New York, against Royal B. Freas, one of the beneficiaries under the Last Will and Testament of the above decedent, and one Marian A. Freas in the sum of $15,681.75 with interest from the 15th day of March, 1956 and costs, *and as appears by plaintiff's complaint on this accounting that the plaintiff has applied on account of said judgment, interest and costs the sum of $2,117.94, which said sum of $2,117.95 having been theretofore deposited in this court, was ordered returned to the plaintiff subsequent to the last preceding accounting* (italics added); and it further appearing to the court that the said Royal Bruce Freas now a bankrupt, or his estate, is still indebted to the plaintiff in a sum in excess of any amounts to which he or his estate would otherwise be entitled under the aforesaid Last Will and Testament of the above named decedent; and it further appearing to the court that subsequent to the date of the filing of the present complaint herein, that is, on July 24, 1956, said Royal Bruce Freas was adjudicated a bankrupt in the District Court of the United States

for the Southern District of Indiana, Indianapolis Division, and that thereupon on July 24, 1956 a temporary general stay order was entered in said bankruptcy matter, and that upon the request of counsel for the plaintiff the settlement of this accounting was adjourned from August 16, 1956 to September 17, 1956, thence to October 26, 1956, thence to November 30, 1956 and that on November 30, 1956 this court on its own motion ordered that the matter be placed upon the calendar for the 11th day of January, 1957, and required the plaintiff's attorney to give notice thereof to George H. Tolen, Jr., Esq., the trustee for the aforesaid bankrupt estate, which said order was signed on the 14th day of December, 1956, and proof having been filed with this court of due and proper service by plaintiff's attorney of said order, and no one appearing for or on behalf of the aforesaid Royal Bruce Freas, or his estate, or the said trustee of said bankrupt's estate; and it further appearing to the court that there is no reason to further delay the distribution applied for in the plaintiff's complaint;

\* \* \* \* \* \*

"It is further ordered, adjudged and decreed that the distribution of the third of the four annual installments as set forth in decedent's Will, be made as follows:

"(a) One-fourth of the amount to be distributed on this accounting, i. e. of the third annual payment under the decedent's Last Will and Testament, *be further credited on the said indebtedness of Royal Bruce Freas, in addition to the sum of $2,117.94 heretofore credited by the trustee to the said indebtedness; the aforesaid sum of $2,117.94 and the amount to be credited as aforesaid to be held by the Trustee pending the further order of this court;* \* \* \*." (Italics added.)

The Executor's brief in this Review says the foregoing order of distribution show-

ing the bankrupt's share to be $985.36, like the previous two distributions, was withheld by the Court.

Then the Executor on January 21, 1957 filed a second proof of claim based on the same New York Court judgment of March 15, 1955 for the full amount of the judgment in the sum of $15,681.75. The proof of claim was filed with the Referee in Bankruptcy of this Court in the above entitled matter who accepted it and designated it Claim No. 10 (erroneously referred to in the stipulation of facts as Claim No. 11). This proof of claim was filed for the full amount of the judgment despite and inconsistent with the Executor's first claim designated No. 7 and filed January 7, 1957 and despite and inconsistent with his complaint filed with the Probate Court on June 26, 1956 and the quoted order of that Court of January 18, 1957. The pertinent parts of the proof of claim are quoted as follows:

"At the City of Troy, in and for the Northern District of New York, in the County of Rensselaer and State of New York, on the 18th day of January, 1957, came Bernard Simon, an Attorney at Law and a member of the firm of Murphy, Aldrich, Guy, Broderick & Simon, attorneys for Arthur W. Hixson as Executor of the Last Will and Testament of Mary K. Freas, deceased, and made oath and says:

"That he is an Attorney at Law and a member of the firm of Murphy, Aldrich, Guy, Broderick & Simon, the attorneys for Arthur W. Hixson as Executor of the Last Will and Testament of Mary K. Freas, deceased, the said Arthur W. Hixson, as Executor of the Last Will and Testament of Mary K. Freas, deceased, being a creditor herein and residing in the City of Leonia, State of New Jersey, and that your deponent is duly authorized to make this proof of claim.

"That Royal Bruce Freas, the above named Bankrupt, by whom a petition for adjudication in bankruptcy has been filed, was at and

before the filing of such petition for adjudication as a bankrupt and still is justly and truly indebted to Arthur W. Hixson as Executor of the Last Will and Testament of Mary K. Freas, deceased, the creditor, in the sum of Fifteen Thousand, Six Hundred Eighty-One and 75/100 dollars ($15,681.75).

"That the consideration of said debt, is predicated upon a Judgment duly recovered by the said Arthur W. Hixson as Executor of the Last Will and Testament of Mary K. Freas, deceased, against the said Royal Bruce Freas, in the Supreme Court of the County of Rensselaer, State of New York, on the 15th day of March, 1955, said Judgment having been duly entered in the Office of the Clerk of the County of Rensselaer on said date.

"That there is no offset or counterclaim to said debt and Judgment."

The Executor's second claim has never been allowed or disallowed. The Trustee in Bankruptcy has never filed objections to the Executor's proof of claim nor has he filed a counterclaim for affirmative relief in the claim proceeding.

Adding to the uncertainty of the issues presented by the inconsistent claims, the Executor then on September 9, 1957 filed a petition with the Referee to modify the general stay order of July 24, 1956. He, thereafter, on March 20, 1958 moved for leave to amend the petition which was granted and an amended petition for an order rescinding or modifying general stay order of July 24, 1956 was considered filed March 20, 1958. Omitting the caption and signature the amended petition reads as follows:

"Amended petition of Arthur W. Hixson, Trustee of the Estate of Mary K. Freas, Deceased, for Order Rescinding or Modifying General Stay Order.

"The Petition of Arthur W. Hixson respectfully represents:

"1. That he is the duly qualified and acting Trustee, hereinafter called Executor, of the Estate of Mary K. Freas, deceased; said proceedings are now pending in the Surrogate's Court of Bergen County, State of New Jersey.

"2. That as Executor, he is about to close said decedent's estate in accordance with the laws of the State of New Jersey, and is prepared to file his complaint for final accounting and distribution.

"3. That in order to file his complaint for final distribution as provided for by the laws of the State of New Jersey, it is necessary that Royal B. Freas, Bankrupt, one of the heirs of Mary K. Freas be made a party to said final accounting and distribution.

"4. That Royal B. Freas, the above named Bankrupt, filed his voluntary petition in bankruptcy herein on May 25, 1956, and was duly adjudicated the same day.

"5. That George R. Tolen, Jr., is the duly qualified and acting Trustee in Bankruptcy of the Estate of the aforesaid Bankrupt, Royal Bruce Freas.

"6. That on July 24, 1956, this Court entered its temporary general stay order enjoining the commencement of any suit or proceeding against Royal Bruce Freas or the continuation of any suit or proceeding then pending against him until further order of the Court.

"7. That on September 17, 1957, the aforesaid Bankrupt, Royal B. Freas, was granted his discharge in bankruptcy by this Court.

"8. That Mary K. Freas, the mother of Royal B. Freas, Bankrupt, died domiciled in Leonia, of Bergen County, State of New Jersey, on October 20, 1952.

"Wherefore, your Petitioner prays:

"1. That the temporary general stay order entered herein on July 24, 1956, be vacated and rescinded; or in the alternative

"2. That said order entered on July 24, 1956, be modified to permit

Arthur W. Hixson, as Trustee of the Estate of Mary K. Freas, to proceed with his complaint on final accounting and final distribution in the Bergen County Surrogate's Court, State of New Jersey, against said Royal B. Freas, and for such other and further relief as may be proper."

Issues were joined by answers of the Trustee in Bankruptcy filed May 13, and June 16, 1958, and counterclaims were also filed. The executor filed his reply to the counterclaim on June 16, 1958. On January 22, 1959, the Trustee in Bankruptcy filed an amended answer to the Executor's amended petition together with a counterclaim. Omitting the caption and signature the amended answer and counterclaim reads as follows:

"Trustee's Amended Answer to Amended Petition of Arthur W. Hixson, Trustee of Mary K. Freas, Deceased, for Order Rescinding or Modifying General Stay Order

"Comes now George R. Tolen, Jr., Trustee in bankruptcy for Royal Bruce Freas, a bankrupt, who for answer to Amended Petition of Arthur W. Hixson, Trustee of the estate of Mary K. Freas, deceased, for order rescinding or modifying general stay order, filed March 20, 1958, says:

"1.

"That he is without information as to the material allegations contained in rhetorical paragraphs 1, 2, 3, and 4 of the amended petition.

"2.

"That he admits the material allegations contained in rhetorical paragraphs 5, 6 and 7 of said amended petition.

"3.

"That he is without information as to the material allegations contained in rhetorical paragraph 8 of plaintiff's amended petition.

"Wherefore your Trustee prays that said petitioner take nothing by his petition herein, that the temporary stay order be continued in full force and effect by the Court to protect the other creditors in this bankruptcy, and that said petitioner pay the costs in this proceeding."

"Counter-Claim

"Comes now George R. Tolen, Jr., who for counter-claim alleges and says:

"1.

"That the petitioner, Arthur W. Hixson has filed herein a general unsecured claim denominated and designated as Claim No. 7 in the sum of Thirteen Thousand Five Hundred Sixty Three Dollars and Eighty One Cents. ($13,563.81).

"2.

"That said general unsecured claim No. 7 is based upon a judgment obtained by the same Arthur W. Hixson, Trustee of the estate of Mary K. Freas, deceased.

"3.

"That thereafter and on the 9th day of September, 1957, the same Arthur W. Hixson filed herein his petition for an order rescinding or modifying general stay order which original petition is attached hereto and made a part hereof and marked 'Exhibit A'.

"4.

"That the above petitioner, Arthur W. Hixson, appeared in the Court by his attorneys, Bamberger & Feibleman, and Herbert L. Smith at the hearing on the original petition filed herein.

"5.

"That the said Arthur W. Hixson, as trustee, has voluntarily submitted himself to this court and these proceedings.

"6.

"That any sums of money due the bankrupt as a beneficiary in the estate of Mary K. Freas, deceased, are assets due George R. Tolen, Jr. as trustee, and should be paid to him

for distribution under order of this court.

"Wherefore your Trustee prays that Arthur W. Hixson as trustee of the estate of Mary K. Freas, deceased, be required to pay all sums of money due Royal Bruce Freas as a beneficiary in the estate of Mary K. Freas, deceased, to George R. Tolen, Jr., in bankruptcy of said Royal Bruce Freas for distribution of order of this court, being the sum of Twenty Five Hundred Dollars ($2500.00); that the temporary general stay order remain in full force and effect and be continued in full force and effect as against the petitioner, Arthur W. Hixson, trustee, for the costs hereof and for all other proper relief in the premises."

No reply to this counterclaim was filed.

The parties then filed on January 22, 1959 their joint stipulation of facts which contain the foregoing history of facts plus the fact that the Executor has not to this date filed his action for a final accounting in the Probate Court.

The Referee on March 10, 1959 filed his findings of fact, adopting those stipulated facts, and rendered his conclusions of law with the order in question. The conclusions of law read as follows:

"Conclusions of Law

"The referee now states his conclusions of law as follows:

"1. That Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, submitted to the jurisdiction of this Bankruptcy Court by filing two (2) claims in this court, designated as claim No. Seven (7) and claim No. Eleven (11) on the claim docket of this court, and by appearing herein by counsel, generally and not specially.

"2. That this Bankruptcy Court has jurisdiction of the parties and subject matter.

"3. That the aforesaid claims numbered seven (7) and eleven (11), respectively, both predicated upon a certain judgment obtained by said Arthur W. Hixson as executor against Royal B. Freas (the bankrupt) and Marian A. Freas, his wife, in the Supreme Court of the State of New York, County of Rensselaer, on March 15, 1955, for the sum of fifteen thousand six hundred eighty-one dollars and seventy-five cents ($15,681.75), are unsecured claims against said bankrupt's estate. Each of said claims reads as follows, to wit: (H.I.)

"4. That title to all money and other property due and to become due Royal Bruce Freas, the bankrupt, on and after May 25, 1956, the date of bankruptcy, is vested in George R. Tolen, Jr., trustee in bankruptcy of the estate of Royal Bruce Freas, bankrupt.

"5. That the amended petition of Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, for an order modifying the temporary general stay order of this court, entered July 24, 1956, should be denied.

"6. That George R. Tolen, Jr., Trustee in Bankruptcy of the estate of Royal Bruce Freas, bankrupt, should receive from Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, the sum of three thousand one hundred three dollars and thirty cents ($3,103.30), which sum of money was ordered to be set aside by the Surrogate of the County Court of Bergen County, State of New Jersey.

"7. That the said Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, should be ordered and directed to deliver said sum of money, to wit, three thousand one hundred three dollars and thirty cents ($3103.30) in cash to the said George R. Tolen, Jr., trustee in bankruptcy of the estate of Royal Bruce Freas, bankrupt, and to deliver any and all further sums of money to said George R. Tolen, Jr., trustee in bankruptcy, to which the bankrupt may be entitled pursuant to

the last will and testament of the said Mary K. Freas, deceased.

"Signed and filed this 10th day of March, 1959."

The order in question reads as follows:

"Order, March 10, 1959

"The referee in bankruptcy of this court having considered the amended petition of Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, for an order modifying the temporary general stay order of this court, entered herein on July 24, 1956, which order reads as follows, to wit: (Here Insert), and the parties having submitted their joint stipulation of the facts in writing to this court, which stipulation of facts reads as follows, to wit: (Here Insert),

"The referee now adopts said stipulation of facts, including exhibits, but not including any conclusions therein stated, as all of the facts herein.

"The referee now signs and files his conclusions of law herein, which read as follows, to wit: (Here Insert),

"It is, therefore, now hereby ordered and adjudged by the court that the amended petition of the said Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, for an order modifying the stay order entered herein on July 24, 1956, be and the same is now hereby denied and said order of this court, dated July 24, 1956, shall remain in full force and effect.

"It is further hereby ordered by the court that the said Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, deliver the sum of three thousand one hundred three dollars and thirty cents ($3103.30) in cash to George R. Tolen, Jr. trustee in bankruptcy of the estate of Royal Bruce Freas, bankrupt, less an amount equal to one-fourth (¼) of all administration costs allowed by the Court in said estate forthwith, and that said Executor deliver to said trustee in bankruptcy any and all further sums of money to which said bankrupt may be entitled pursuant to the last will and testament of the said Mary K. Freas, deceased, when such sums become payable."

The petition for review was filed April 20, 1959 and reads as follows:

"Petition for Review

"To the Hon. Paul A. Pfister, Referee in Bankruptcy:

"The petition of Arthur W. Hixson, trustee of the estate of Mary K. Freas, deceased, respectfully represents:

"1—Your petitioner is aggrieved by the order herein of the Hon. Paul A. Pfister, Referee in Bankruptcy, dated March 10, 1959, a copy of which is annexed hereto, marked Exhibit 'A', and made a part hereof; together with the Conclusions of Law upon which said order is based, dated March 10, 1959, a copy of which is annexed hereto, marked Exhibit 'B', and made part hereof.

"2—The Referee erred in respect to said order, in his Conclusion of Law Numbered 1, that said Arthur W. Hixson, Executor of the Estate of Mary K. Freas, deceased, submitted to the jurisdiction of this Bankruptcy Court.

"3—The Referee erred in respect to said order, in his Conclusion of Law Numbered 2, that the Bankruptcy Court has jurisdiction of the parties and subject matter.

"4—That the Referee erred in respect to said order, in his Conclusion of Law Numbered 5, that the amended petition of Arthur W. Hixson for an order modifying the temporary general stay order of the court entered July 24, 1956, should be denied.

"5—The Referee erred in respect to said order, in his Conclusion of Law Numbered 6, that George R. Tolen, Jr., trustee in bankruptcy of

the estate of Royal Bruce Freas, bankrupt, should receive from Arthur W. Hixson, Executor of the estate of Mary K. Freas, deceased, the sum of three thousand, one hundred three dollars and thirty cents ($3,103.30).

"6—The Referee erred in respect to said order, in his Conclusion of Law Numbered 7, that Arthur W. Hixson, Executor of the estate of Mary K. Freas, deceased, should be ordered and directed to deliver the sum of three thousand, one hundred three dollars and thirty cents ($3,103.30) to said trustee in bankruptcy and to deliver any and all further sums of money to said George R. Tolen, Jr., trustee in bankruptcy.

"Wherefore, your petitioner prays that said order be reviewed by the Judge in accordance with the provisions of the Bankruptcy Act, that said order be reversed, that the amended petition of Arthur W. Hixson, trustee of the estate of Mary K. Freas, deceased, for order rescinding or modifying the general stay order heretofore entered by the Bankruptcy Court, be granted, that the counterclaim of George R. Tolen, Jr., trustee in bankruptcy, be denied, and that your petitioner have such other and further relief as is just.

"Dated April 20, 1959."

The recited factual history of the litigation is one of compounded confusion and has only delayed the judicial proceedings in the Probate Court and Bankruptcy Court.

Although a Judge of a Court of Bankruptcy will not ordinarily go beyond its legitimate functions and interfere with the regular course of proceedings in a state court matter it may restrain state court proceedings which will interfere with the bankruptcy court's custody and control of the bankrupt's property or the due administration of the estate under the Bankruptcy Act. Here we have an Executor who files a proof of Claim No. 10 asking for full recovery of the New York judgment against the bankruptcy estate and at the same time is proceeding in the Probate Court to deprive the bankruptcy estate of the bankrupt's legacies and bequests and asks the Bankruptcy Court to rescind its stay order so that he can accomplish this in the Probate Court. The Judge of a Bankruptcy Court, if the Trustee so requests, must, therefore, exercise its power to restrain to protect the assets of the bankruptcy estate and to effect the due administration thereof.

The temporary general stay order was issued by the Referee in Bankruptcy upon application of the bankrupt after he filed his voluntary petition and was adjudged a bankrupt and before his discharge pursuant to the provisions of Section 11, sub. a, of the Bankruptcy Act (Title 11 U.S.C.A. § 29). The application of the bankrupt of July 24, 1956 for the temporary general stay order issued thereon on the same date reads as follows:

"Petition for Stay of Execution and Proceedings

"Comes now the undersigned, Royal Bruce Freas, and represents and shows:

"1.

"That as shown by the petition filed herein, he is indebted and liable for the payment of numerous judgments, totaling the sum of Twenty-two Thousand, Nine Hundred Thirty-six Dollars and Fifty Seven Cents ($22,936.57).

"2.

"Bankrupt further represents and shows to the Court that the judgment mentioned in said schedule in favor of Samuel Knight & Son, in the sum of Two Hundred Seventy-six Dollars and Ninety-three Cents (276.93); the judgment in favor of Hooper's Grocery in the sum of Nine Hundred Two Dollars and Thirty Cents ($902.30), and the judgment of Manchester Trust Company in the sum of Two Thousand, Seven Hundred Forty-four Dollars and Four-

teen Cents ($2,744.14) have been prosecuted to orders of garnishment in Rensselaer County, New York, and that said judgment creditors have levied upon the earnings of said bankrupt by services of copies of such proceedings, and that because thereof the employer of said bankrupt is and has been deducting said amounts from the earnings of bankrupt to discharge said garnishment orders.

"3.

"Your bankrupt further represents that as shown by said schedules filed herein, there are approximately ten (10) other judgment creditors which could and are threatening to bring further and additional garnishment proceedings, and that therefore he believes it would be to the best interest of the trust estate herein that a temporary general stay order be executed, enjoining and staying any act or proceeding that involves any lien upon any property of the bankrupt and continuation of any suit or proceeding now pending against the bankrupt and the commencement of any suit against the bankrupt until the further order of this Court.

"Royal Bruce Freas

"Bankrupt"

By force of the statute, Section 11, sub. a, of the Bankruptcy Act (11 U.S.C.A. § 29) such temporary general stay order of July 24, 1956 terminated upon the granting of the bankrupt's discharge on September 17, 1957. This stay order was designed to prevent harassment of the bankrupt on his application and not to aid the Referee and Trustee in the administration of the estate of the bankrupt.

It must be pointed out that Section 2, Clause (15), of the Bankruptcy Act (Title 11 U.S.C.A. § 11) makes it possible for the Trustee in Bankruptcy to apply for an injunction against the Executor under the state of the facts of this case but this has never been done, and the temporary general stay order of July 24, 1956 cannot be so construed nor can the extension thereof in the March 10, 1959 order be so construed.

[4] Unless the Executor consented to the jurisdiction of the Bankruptcy Court it has no jurisdiction with respect to the Trustee's counterclaim to summarily proceed against the Executor to obtain distributed or undistributed legacies or bequests of the bankrupt from the Executor of the decedent's estate and will.

The Executor consented to this jurisdiction in the Bankruptcy Court with respect to the Trustee's counterclaim when he filed his proof of Claim No. 7 on January 7, 1957. He could have awaited in New Jersey the coming of the Trustee in Bankruptcy to claim the legacies and bequests of the bankrupt in the Probate Court and in that proceeding offset the New York Court judgment. He chose, however, probably in the interest of the decedent's estate because of the amount of the judgment, to seek distribution from the bankruptcy estate assets. In this claim he voluntarily brought jurisdiction to the Bankruptcy Court over the legacies and bequests when he alleged in item five (5) of the claim the following:

"5. That the only set-off to said debt is the right, title and interest of the bankrupt or his estate, under the terms of the Last Will and Testament of Mary K. Freas, the aforementioned decedent."

and when he deducted the two distributions of the bankrupt from the New York judgment. The Executor again consented to the jurisdiction in the Bankruptcy Court when he filed on January 21, 1957 another proof of claim designated No. 10 (erroneously referred to in the stipulations as No. 11) for the full amount of the New York judgment, in effect admitting that it had not been credited by set-off of the partial distributions, and wherein he asserted there was no offset or counterclaim to said debt.

With respect to the Referee's order of March 20, 1959 granting the relief requested by the Trustee's amended

counterclaim this is premature in that it is piecemeal decision of the issues of the two Claims 7 and 10 of the Executor. The Trustee in Bankruptcy should join appropriate issue with the claims and if necessary file a counterclaim for the legacies and bequests of the bankrupt, if the facts and law warrants such action. It is within the duties of the Trustee in Bankruptcy to cause set-offs accomplished before or after bankruptcy to be investigated and reviewed by the Bankruptcy Court. Cumberland Glass Mfg. Co. v. DeWitt, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042; Fourth Nat. Bank of Wichita, Kan. v. Smith, 8 Cir., 240 F. 19; Matter of Rosenbaum Grain Corp., 7 Cir., 103 F.2d 656. It cannot be questioned that it is the duty of the Trustee in Bankruptcy to investigate the Executor's claimed right to set-offs in Claim 7 and the lack of set-offs asserted in Claim 10 nor can it be questioned that the Bankruptcy Court has jurisdiction to entertain such issues in the claims if presented. It is also within the duties of the Trustee in Bankruptcy to seek payment of the legacies and bequests of the bankrupt from the Executor by appropriate counterclaim in the claim proceeding if the facts and law warrants and the Bankruptcy Court would have jurisdiction thereof, thus reducing the absurdity of making the bankrupt estate pay the decedent's estate when the decedent's estate owes the bankrupt estate, avoiding multiplicity of litigation. Florance v. Kresge, 4 Cir., 93 F.2d 784; Studley v. Boylston Nat. Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313. Likewise the Executor has the right to claim the set-off, if the facts and law warrants and is entitled to a decision thereon by allowance or disallowance of his claims and/or set-offs before being made to pay the bequests or legacies to the bankruptcy estate. The rights of the Executor are in keeping with the purpose of Section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108 which recognizes the possible injustice which would result and which would, for example, compel a creditor to prove his claim in full and accept possible dividends thereon and at the same time pay in full his indebtedness to the bankruptcy estate.

The claim proceedings could have been consolidated with the proceedings on the Executor's petition to rescind the stay order but the Trustee had not joined issue therewith. There is authority to the effect that an allowed claim, such as No. 10 of the Executor disclaiming set-off, amounts to a waiver and would authorize the payment of the legacies and bequests to the Trustee in Bankruptcy. However, the claim has not been allowed and the relief request in the counterclaim in issue and granted by the order in question is prematurely granted.

The Probate Court and the Referee in Bankruptcy with the uncertainty of the theories of the parties have exercised great patience and restraint. The Probate Court has judiciously safeguarded the rights of all interested parties and there is no need to remove the bequests and legacies, if they legally can be, until the issues of fact and law of the Executor's claims have been settled.

The Executor may change theories again and assert an equitable lien on the legacies and bequests of the bankrupt growing out of the several orders of the Probate Court and further points up the prematureness of the order in question with the Executor's claims undecided.

The Referee's order of March 10, 1959 is reversed and set aside.

It is ordered, adjudged, and decreed that the temporary stay order entered herein on July 24, 1956 by the Referee in Bankruptcy expired on September 17, 1957; that the Executor's amended petition to vacate and rescind such stay order is denied; that the Executor's amended petition to modify such stay order is denied; that the relief requested by the Trustee in Bankruptcy's counterclaim in all things is denied as prematurely requested with leave to introduce the same issues in the claims proceedings if the facts and law so warrant. The Referee is further ordered to promptly dispose of the claims of the Executor and to permit the parties to reframe their issues by an appropriate scheduling order.