**In re Jon Michael LOTT, Debtor.**

**Bankruptcy No. 87–01050–2.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 12, 1987.

John R. Stonitsch, Kansas City, Mo., trustee.

Steven C. Block, Independence, Mo., for debtor.

Timothy K. McNamara, Kansas City, Mo., for Geraldine D. Chapman.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

The Chapter 7 debtor who filed his petition for relief on March 11, 1987, is the grandson of, debtor to, and beneficiary of, Thomas G. Downey, deceased November 16, 1986. Debtor had executed two notes to his grandfather in return for loans. One note dated December 1, 1983, obligated the debtor to pay $50,000.00 in 1993 plus accrued interest at a rate of 9%. The other note for $32,000.00 dated February 6, 1984, is an installment note to be paid at $800.00 monthly for 40 months with a 5% rate of interest. As of the date debtor filed bankruptcy, the total outstanding principal balance on the two notes was $69,809.00 and the accrued interest was $16,112.47. Pursuant to the automatic stay, interest on the notes stopped running upon the filing of

the petition." Section 348(d) of the Bankruptcy Code.

bankruptcy. The Will of Thomas G. Downey names debtor as beneficiary of three distinct interests. Debtor is to receive a $25,000.00 specific bequest, a ½ interest in his grandfather's residence subject to his aunt's life estate, and ¼ of the residue of the probate estate. The aunt, who is Executor of the Will, has filed to assert a right of setoff against debtor's estate.

## ISSUES

Whether the probate estate can invoke the setoff provision of the Bankruptcy Code to offset bequests made to the debtor against debts owed by the debtor to the deceased grandfather and thus owed to the probate estate?

1. Is an unmatured debt subject to set-off?

2. Is a future interest a debt within the meaning of Section 553 of the Bankruptcy Code and thus subject to set-off?

## LAW AND ANALYSIS

1. *Setoff Generally:*

For an excellent general exposition of setoffs and recoupment the Court is indebted to Joseph Braunstein, Esquire, of Boston, Massachusetts, who presented same at the recent National Bankruptcy Judges Conference (New Orleans, October 1987) under the auspices of the Commercial Law League of America.

■ Before a creditor is entitled to set off a debt against an amount owed to the debtor, both debt and claim must have arisen prior to bankruptcy filing and they must be mutual obligations, but the debts need not be of the same character. *In re Whitman*, 38 B.R. 395, 397 (Bkrtcy.D.N.D. 1984). The application of setoff is discretionary. *In re Brooks Farms*, 70 B.R. 368 (Bkrtcy.E.D.Wisc.1987).

In this case, the estate's debt to the debtor arose by virtue of the bequest of certain property of the grandfather in favor of the grandson. The grandson's debt to the estate arose by virtue of the notes evidencing the grandson's obligation to pay the grandfather. Thus, the debts are mutual as to obligation and arose prior to the filing.

A. The Conflict Between Setoff And Preference:

"When Section 553 is determined to be applicable, Section 547 cannot hereafter be utilized to undo its effect". *In re Brooks Farms*, 70 B.R. 368, 372 (Bkrtcy.E.D.Wisc. 1987). The enactment of Section 553 was an expression of the congressional intent sanctioning the exercise of setoff as a permissible preference under certain circumstances. *In re Fox*, 62 B.R. 432, 433 (Bkrtcy.D.R.I.1986). It has been pointed out that "while the operation of this privilege of setoff has the effect to pay one creditor more than another, it is a provision based upon the generally recognized right of mutual debtors, which has been enacted as part of the Bankruptcy [Code]. Without such enactment, it could be argued that any attempt to offset a mutual debt and claim between the estate and a creditor would amount to a preference under Section 547 and would, therefore, be invalid. The Code, however, has recognized the possible injustice in compelling a creditor to file its claim in full and accepting possible dividends thereon, while at the same time paying in full its indebtedness to the estate. In permitting setoff, however, the Code has wisely hedged the privilege with certain stated qualifications so as to prevent abuse". 4 Collier on Bankruptcy, paragraph 553.02, pp. 553–9, 553–10 (citations omitted). "To hold to the contrary would permit the use of the automatic stay as a sword, thus destroying an otherwise valid right of setoff, rather than as a shield to preserve the status quo". *Matter of Fasano/-Harriss Pie Co.*, 43 B.R. 864, 870 n. 14 (Bkrtcy.W.D.Mich.1984). Courts may look to state law in order to determine if setoff has occurred. *In re Elsinore Shore Associates*, 67 B.R. 926, 942 (Bkrtcy.D.N.J. 1986). See Vernons Mo.Stat. Ann., Section 473.630.

■ Also, the effect of the stay does not destroy a creditor's right to assert its setoff claim at some later time through the bankruptcy process. *In re Fulghum*

*Const. Corp.*, 23 B.R. 147 (Bkrtcy.M.D. Tenn.1982); *In re Terry*, 7 B.R. 880 (Bkrtcy.E.D.Va.1980). However, before setoff, a creditor must seek relief from the automatic stay. *Elsinore*, at 945.

**B. Is an unmatured debt subject to set-off?**

■ The requirement of former Section 68(b)(1) of the Chandler Act that a claim be allowable in order to be set off has been retained in Section 553(a)(1), but the requirement that it also be provable has been deleted. Consequently, a claim may now be set off without regard to whether it is contingent or unliquidated, as long as the claim qualifies as "mutual" under applicable nonbankruptcy law, and as long as it is not disallowed under any section of the Code. 4 Collier on Bankruptcy, paragraph 553.01, p. 553–6.

**I. The note not due until 1993.**

Generally under Missouri law, a bank may not set off an obligation unless the debt of the depositor has matured. *In re Amco Products, Inc.*, 17 B.R. 758 (B.Ct.W. D.Mo.1982). However, in *In re Isis Foods, Inc.*, 24 B.R. 75 (Bkrtcy.W.D.Mo.1982), also applying Missouri law, the Bankruptcy Court allowed a bank creditor to set off the debtor's unmatured obligations arising under a prepetition promissory note against prepetition deposits of the debtor. The Court noted: "[a]lthough it has sometimes been held that a bank may not exercise a pre-bankruptcy setoff with respect to unmatured claims against the debtor, a post-bankruptcy setoff with respect to an unmatured claim has been approved as a matter of hornbook law". *Id.* at 76–77. In *Isis* the debtor owed the balance on a note executed prior to filing bankruptcy and the bank brought an action for setoff. The Court held that "the right of setoff may be asserted in the bankruptcy case even though at the time the petition is filed one of the debts involved is *absolutely owing but not presently due,* or where a definite liability has accrued but is as yet unliquidated. Nor is it necessary that the debt sought to be setoff be due when the case is commenced". *Isis,* at 76, *citing,* 4 Collier on Bankruptcy, paragraph 553.10(2), pp. 554–49, 553–50 (1982). The Court distinguished an absolute but contingent liability from an unliquidated and uncertain liability occurring after the date of the petition stating that a setoff cannot be granted in the latter.

Other cases support the *Isis* court conclusion. One court stated that Section 553 ... "does not prohibit setoff of a creditor's claim arising prepetition, unliquidated or unmatured as of the petition date, against a debtor's pre-petition claim." *Elsinore,* at 940 (Bkrtcy.D.N.J.1986), *citing, In re Morristown Lincoln–Mercury, Inc.,* 42 B.R. 413, 417–18 (Bkrtcy.E.D.Tenn.1984). Another case found that a creditor's right of setoff may be asserted in bankruptcy cases even though at the time the petition is filed the debt is absolutely owing but not presently due, or definite liability has accrued but it is not yet liquidated. *Matter of Matthieson,* 63 B.R. 56 (D.Minn.1986).

Courts make some distinctions regarding the question of whether a debtor may set off an unmatured debt but these issues do not appear to be present in the case at issue.

**II. Prepetition v. Postpetition:**

The Court in *In re Hill,* 19 B.R. 375 (Bkrtcy.N.D.Tex.1982), held the FmHA had violated the automatic stay by setting off post-petition money due the debtor against his debt to FmHA. The debtor was indebted to FmHA on four notes and the FmHA was to pay the farmer debtor disaster payments. Whether any monies would be due to farmers under this program could not be determined until late in each crop year. The Bankruptcy Court held that since the requirements for determining entitlement to the disaster money occurred more than 9 months after the bankruptcy petition was filed, the amounts due the debtor were post-petition monies which could not be set off against a prepetition indebtedness. *Hill* at 380.

**III. Fund:**

Some cases focus on the fact that there is no "fund" existing at the time of the

bankruptcy petition against which a creditor may set off its claim. *See Elsinore* at 941. The Court did not allow offset in *In re Rowan*, 15 B.R. 834 (Bkrtcy.N.D.Ohio 1981), *aff'd* 747 F.2d 1052 (6th Cir.1984), because when the petition was filed no fund was held by the agency against which it could offset the debt owed to it because the debtor was not yet entitled to receive payment.

## IV. The Installment Note

In *In re Hoffman*, 51 B.R. 42 (Bkrtcy.W. D.Ark.1985), the bank's claims were evidenced by installment notes which were not in default and, therefore, not mature. The court stated, "the filing of bankruptcy acts to accelerate the maturity of all debts and, therefore, the right of setoff may be asserted postpetition". *Hoffman*, at 46 (citations omitted).

In *In re McCormick*, 5 B.R. 726 (Bkrtcy. N.D.Ohio 1980), the court allowed setoff by a bank of retail installment payments made on an automobile loan taken out at least a year before bankruptcy. The court found that the debt was actually incurred the time the retail installment contract was entered into and thus was substantially outside the 45-day preference period.

2. *Is a future interest a "debt" within the meaning of Section 553 of the Bankruptcy Code and, thus, subject to setoff?*

Provable debts under the Bankruptcy Act "include all liabilities of the bankrupt founded on contract, express or implied, which, existed at the time of the bankruptcy and either were fixed in amount or susceptible of liquidation". *Williams v. United States Fidelity Co.*, 236 U.S. 549, 35 S.Ct. 289, 89 L.Ed. 713; *Zavelo v. Reeves*, 227 U.S. 625, 631, 33 S.Ct. 365, 368, 57 L.Ed. 676.

The cases discussing whether a future interest in a probate estate is a "debt" subject to setoff are in disagreement:

In *In re Garfield*, 18 F.Supp. 996 (D.Mass.1937), the court held that a future right in a probate estate, consisting of a remainder interest after the termination of a life tenancy was not a "debt" within the meaning of former Bankruptcy Act Sections 68(a), 11 U.S.C.A. Section 108(a). The "[b]ankrupt's rights in the estate cannot be treated as a debt within the purview of the act". *Garfield*, at 997. "Therefore there is no room in this case for the application of the doctrine of setoff between mutual debts and credits". *Id.* The debtor cannot plead "by way of payment the fact that at some future time he was to come into possession of a portion of the estate". *Id.*

The court in *In re Von Ruden*, 22 F.2d 860 (D.Minn.1927), held the indebtedness of a bankrupt to the estate of his *intestate* father could not be set off against his interest as an heir in real estate. The court did not base its decision on whether the inheritance was considered a "debt" within the definition of the setoff provision of the Bankruptcy Act, but rather, the court in this case based its decision on the apparent lack of intent by the father to set off the son's debt. The court stated that the father "had it within his power to charge their interests with debts by will, but he did not do so. It is a fair assumption that he intended them to take the interest the law gave them in his real estate without incumbrance". *Id.* at 861.

Finally, in *In re Freas*, 176 F.Supp. 230, 231 (S.D.Ind.1959), the court held that an executor had the right to claim setoff if the facts and law warranted and he was entitled to a decision thereon by allowance or disallowance of his claim of setoffs before being made to pay the bequests or legacies to the bankruptcy estate. *Id.* at 241. In this case, the mother of the bankrupt died leaving a will which provided for certain bequests to the bankrupt. The bankrupt owed his mother based upon a judgment. The court held it was within the duties of the Trustee in Bankruptcy "to seek payment of the legacies and bequests of the bankrupt from the Executor by appropriate counterclaim in the claim proceeding if the facts and law warrants and the Bankruptcy Court would have jurisdiction thereof, thus reducing the absurdity of making the bankrupt estate pay the decedent's estate when the decedent's estate owes the bankrupt

estate, avoiding multiplicity of litigation."
*Id.*

Several pre-Code Missouri cases have discussed this issue. The Missouri Supreme Court in *Thompson v. McCune,* 63 S.W.2d 41 (Mo.1933) held that where the maker of a note payable to the deceased is also a legatee, the executor may sue on the note or treat the maker's indebtedness as payment or setoff against the legacy. In these situations, the administrator "may deduct the amount of such demand from the heirs' distributive share of the estate and tender to the probate court his final settlement on that basis". *Id.* at 44. The court stated that where a legatee or distributee indebted to the estate is insolvent the executor may cancel the legacy or distributive share by applying thereto the indebtedness of the legatee or distributee to the estate. *Id.* at 44–45. The court based its decision on the idea that an executor may deduct the debt of a legatee from the legatee's debt to the estate under the right of retainer. *Id.* at 45. This case recognizes that "there is a conflict of authorities on the question of whether what the authorities generally call a right of retainer or set-off is allowable when there is a legacy or right of distribution going to one who is indebted to the estate, but which debt is barred by the statute of limitations". *Id.* at 45. The court conceded that the only case addressing this issue found such a right to exist in favor of the executor.

Also, another Missouri case, *Leach v. Armstrong,* 236 Mo.App. 382, 156 S.W.2d 959 (1941), stated, "the debts of an insolvent, even though barred by limitation, should be deducted from his legacy bequeathed to him." *Id.* at 961 (citation omitted).

## DECISION

■ The Court will allow the probate estate to set off the debtor's obligation to it against the debtor's interests in that estate. There still remains one question. Against which portion of the three interests of debtor in his grandfather's estate should the setoff be allowed. Debtor's liability is fixed at $85,921.47. From the very limited evidence, the Court believes that debtor will receive $25,000.00 from the specific bequest, over $45,000.00 from the residuary bequest and something in the nature of $65,000.00 to $75,000.00 for his remainder in the decedent's home. However, before determining the issues as to how to allocate the setoff or setoffs, the Court obviously needs more precise figures than it now possesses. The Court has already had the Trustee obtain an appraisal of the residence. That has now been filed and is available for inspection. However, it affords the Court no insight as to any discount factor to be applied to determine present value. The evidence shows that the life estate is to be measured by debtor's great aunt's life and she was 79 at the time of the hearing. It may well be that anticipated real estate appreciation will be somewhat equivalent to the discount factor to be applied by virtue of the delayed enjoyment to the debtor, but the Court at this time simply has no evidence before it to make any determination.

The Court would contemplate fixing an appropriate value on debtor's remainder interest and then setting off that value against debtor's debt to the estate. Presuming that said value would be less than the $85,921.47 owed by debtor, the Court would contemplate next offsetting against the residuary interest of debtor. In the event these two offset do not produce sufficient sums to satisfy the debt, the Court would then offset the specific bequest. The estate and the Trustee will perforce have to present evidence as to present value, life expectancy of the life tenant, discount factor, real estate appreciation estimates, and value of the residuary interest. Hopefully, this mode of setoff will not only effect an equitable and appropriate method of handling but will also facilitate the expeditious handling of both the bankruptcy and the probate estate. Hearing on said issues is set for Wednesday, December 16, 1987, at 10:00 A.M. in the United States Court House, 811 Grand Avenue, Room 927, Kansas City, Missouri.