**In re Virgil Turner THURSTON & Bonnie Joan Thurston, Debtors.**

**BANK OF CAIRO & MOBERLY, Plaintiff,**

**v.**

**Virgil Turner THURSTON & Bonnie Joan Thurston, Defendants.**

**Bankruptcy No. 91–20145–C.**
**Adv. No. 91–2021–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

March 30, 1992.

David A. Johnston, Columbia, Mo., for defendants.

Jerry W. Venters, Jefferson City, Mo., for plaintiff.

## MEMORANDUM OPINION

**FRANK W. KOGER, Chief Judge.**

Prior to September 1990, Debtors Virgil T. and Bonnie Joan Thurston filed an 11-count lawsuit against defendants, the Bank of Cairo and Moberly (Bank) and its president, J.W. Ballinger, relating to financial problems which Debtors allege resulted from their relationship with the Bank. In September 1990, the action was transferred on a change of venue from the Circuit Court for Randolph County, Missouri, to that of Boone County, where it is now pending. In October 1990, the Bank filed a counterclaim against debtors for unpaid notes and overdrafts approximating $336,000.00. At this date, the only remaining count of debtors' complaint is Count XI for Breach of Contract.

On February 11, 1991, debtors filed their Chapter 7 bankruptcy petition in this Court. They scheduled as an unsecured and disputed debt some $356,000.00 "claimed by creditor [the Bank] as deficiency on various business loans".

Debtors had previously claimed the Boone County lawsuit as exempt property, but on objection of the Bank to this exemption claim, this Court has ruled that the lawsuit does not constitute exempt property.

On June 27, 1991, the Bank filed an adversary action in this Court in the form of a Complaint to Determine Setoff. The Bank seeks leave of this Court to set off against the claims made against the Bank through the Bank's claims against debtors, pursuant to 11 U.S.C. § 553. The Bank seeks to use its claims, which would not otherwise survive discharge in debtors' bankruptcy, in a defensive manner to offset any monetary awards to debtors which might result from the Boone County action.

Section 553 of the Bankruptcy Code states as follows relative to setoff:

"(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a *mutual* debt owing by such creditor to the debtor that *arose before* the commencement of the case under this title against a claim of such creditor against the debtor that *arose before* the commencement of the case ..." (emphasis added).

Debtors in answer to the prayer of the Bank focus upon three factors, two of which are emphasized above (mutuality of claim, and that both claim and debt arose before commencement of the bankruptcy case). A third factor urged by debtors is that the claim in tort which they have against the Bank may not be offset by a debt owed by debtor to the Bank, which arises in contract. These issues are addressed in turn.

■ 1. *Mutuality.* Mutuality is not a term defined in the Code. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity". 4 Collier on Bankruptcy, (15th ed.) paragraph 553.004[2] at 553–22. Debtors' contention arose from the fact that the debtors' surviving claim, Count XI in the Boone County action, in which debtors are represented by counsel other than that representing them in this action, indicated that both the Bank and Ballinger, its former president, were "respondent". Were this to be the case, the claim of the debtors as against both the Bank and its officer, would lack mutuality with the debt urged as a setoff, which is due Bank only. Subsequent to filing of debtors' brief in this action, counsel for debtors in the Boone County action has amended the petition in that action to indicate in Count XI that only the Bank is respondent, thus mooting debtors' objection to mutuality here.

■ 2. *Both claim and debt must arise pre-petition.* Another precondition for setoff is that both the claim and the debt which is desired to be setoff against must arise prior to the bankruptcy filing. Debtors raise the issue in their trial brief that although the bank debt is clearly prepetition, the claims of debtors as against the Bank include post-petition damages with respect to tortious conduct of the Bank post-petition. As of the date of this decision, the sole surviving complaint of debtors against the Bank in the Boone

County action is Count XI, for breach of contract. Paragraph 3 of Count XI (as amended for correction of typographical error) Refers to an act of the Bank on or about February 11, 1984, which debtors allege was a breach of the Bank's contractual obligation. While it cannot be dismissed that the possibility that damages for a 1984 contract breach might continue to accrue after February 11, 1991 (date of debtors' petition), it would seem a reasonable assumption, considering the seven year interim, that the preponderance of any damages would predate the petition. Regardless, however, of the distribution pre and post-petition of any damages which might eventuate from an adjudication of the debtors' claims against the Bank, for purposes of this determination, the Bank's and at least a portion of debtors' claims can safely be said to have arisen before the filing of the petition. This point is ruled against debtors.

■ 3. *Contract Offset Of Tort Claim.* Debtors raise the issue of the propriety of offsetting tort against contract claims. Ten of debtors' eleven counts in the Boone County action arose in tort; these same ten have been disposed of by entry of the trial judge's orders to dismiss or by the granting of summary judgment to the Bank. Count XI, the sole remaining count, arose in contract, rather than tort. Thus, this remaining count of the complaint, having arisen in contract just as the Bank's counterclaim for notes and overdrafts also arose in contract, does not raise this issue. Assuming all acts of the trial judge stand, this concern of debtors would be mooted as well. However, even were some tort-founded claims to be reinstated, the Code does not render these claims impermissible (Collier on Bankruptcy, 15th ed., paragraph 553.04 at 553–22). Section 553(a) of the Code refers to rights of a creditor to offset mutual "debt" (as defined in § 101(12) as "liability on a 'claim'") against a "claim" of such creditor against the debtor. Section 101 defines "claim" broadly to include a "right to payment, whether or not such right is reduced to judgment, ... contingent, ... disputed [or] undisputed". Such broad language would seem to include

rights to payment both from contract and tort claims. Therefore, this point is also ruled against debtors.

## CONCLUSION

The requirements of Bankruptcy Code § 553 as to setoff appear to be satisfied in this instance. The debts sought to be set off are mutual and both before debtors' petition was filed. Both the debtors' potential claim for breach of contract against the Bank and the Bank's claim against debtors for unpaid notes and overdrafts are founded in contract, and even if counts previously dismissed by the Boone County Circuit Court are restored by its later action or upon review, there is no Code proscription of the offset of contract against tort-arising claims. There is no issue that the Bank's claim did not arise within 90 days prior to the debtors' petition, nor that the claim is not otherwise disallowed under § 502(b)(3) or was transferred to the Bank § 553(a).

■ The application of the setoff privilege is discretionary with the Court. *In re Lott,* 79 B.R. 869 (Bkrtcy.W.D.Mo.1987). In this situation, allowing setoff would appear to be appropriate. The Court, therefore, will allow the Bank of Cairo and Moberly to offset its claims against the claims of debtors.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.